MAHANEY v. THE ST. LOUIS & HANNIBAL RAILROAD COMPANY, *Appellant.*

DIVISION TWO.

1.   **Practice:** QUALIFICATION OF JUROR.   The finding of the trial court respecting qualifications of a juror will not be disturbed on appeal, unless it is clearly against the evidence.

2.   ——— : ———.   *Semble,* that a challenge for cause to a juror who is a cousin of the wife of one of the parties, and who conveys the impression that he might be more favorably inclined to his evidence than to that of the other party, ought to be sustained.

3.   **Personal Injuries:** EVIDENCE.   Evidence that the plaintiff was married, and as to the number and ages of his children, is inadmissible in evidence in an action for personal injuries.

4.   ——— : ——— : SUBSEQUENT REPAIRS.   Evidence of repairs of a railroad track made six months after an injury charged to result from a defect therein is inadmissible in an action for such injury.

5.   **Practice:** IMPEACHING WITNESS.   The foundation for the impeachment of a witness by proof of contradictory statements *held* sufficiently laid in this case.

| 108 | 191 |
|---|---|
| 115 | 218 |
| 108 | 191 |
| 122 | 18 |
| 122 | 278 |
| 123 | 584 |
| 108 | 191 |
| 127 | 669 |
| 108 | 191 |
| 70a | 69 |
| 108 | 191 |
| 140 | 19 |
| 108 | 191 |
| 75a | 183 |
| 108 | 191 |
| 81a | 322 |
| 82a | 179 |
| 108 | 191 |
| 155 | 385 |
| 108 | 191 |
| 86a | 149 |
| 86a | 434 |
| 108 | 191 |
| 161 | 88 |
| 108 | 191 |
| 163 | 319 |
| 108 | 191 |
| 168 | [8]314 |
| 108 | 191 |
| 95a | [7]118 |

6. ———: IMPROPER REMARKS OF COUNSEL. Improper remarks of counsel, in order to be reviewed by the appellate court, must be objected to when made.

7. **Negligence**: SERVANT'S KNOWLEDGE OF DEFECTS: QUESTION FOR JURY. Knowledge on the part of a servant of a defect in a railroad track which caused the injuries for which he sues is a matter for the jury, where different conclusions might be drawn from the evidence on such question.

8. ——— : ———. So the servant's knowledge of the unsafe condition of the track, if in fact unsafe, will not defeat a recovery, if it was not so dangerous as to threaten immediate danger, or if he might have reasonably supposed that he could safely work on it with the use of care and caution.

*Appeal from Hannibal Court of Common Pleas.*—HON. THOS. H. BACON, Judge.

REVERSED AND REMANDED.

*James H. Orr* and *Elijah Robinson* for appellant.

(1) Daniel Archdeacon, on his *voir dire*, said that his relation to plaintiff would influence his verdict, and he should, therefore, have been excused by the court. *Railroad v. Adler*, 56 Ill. 344; *Davenport Co. v. Davenport*, 13 Iowa, 229. (2) The court erred in permitting plaintiff to prove that he was a poor man, a married man and the number of his children, their ages, etc. This testimony had no legitimate bearing on the issues made by the pleadings, and was calculated to work to the prejudice of the defendant by arousing the sympathies of the jurors in favor of the plaintiff. *Railroad v. Bayfield*, 37 Mich. 205; *Railroad v. Boches*, 55 Ill. 379; *Railroad v. Butler*, 57 Pa. St. 335; *Beord v. Skeldon*, 13 Ill. 54; *Railroad v. Moranda*, 93 Ill. 302; *Railroad v. Gower*, 85 Tenn. 465; *Joliet v. Conway*, 119 Ill. 489; *Railroad v. Lyde*, 57 Texas, 505; *Hunt v. Railroad*, 26 La. 363; *Railroad v. Roy*, 1 Am. & Eng. R. R. Cases, 225; *Railroad v. Bush*, 101 Ind. 582; *Overholt v. Vieths*, 93 Mo. 422; *Stephens v. Railroad*,

96 Mo. 214. (3) The closing argument of plaintiff's attorney was calculated to prejudice the minds of the jurors, especially in view of the testimony that had been introduced by plaintiff as to his condition in life, and that he was a married man with two small children, etc. *Brown v. Swineford*, 44 Wis. 282; *People v. Mitchell*, 62 Cal. 411; *Ins. Co. v. Cheever*, 36 Oh. St. 201; *People v. Quinn*, 123 Ill. 347; *People v. McDonald*, 126 Ill. 153; *State v. Lee*, 66 Mo. 165; *State v. Jackson*, 95 Mo. 654. (4) The court erred in permitting the doctor to testify as to the danger attending such operations as the amputation of plaintiff's leg, and the per cent. of such operations that prove fatal. This testimony did not throw any light on any question which the jurors were called upon to consider, and was calculated to create a prejudice. *Miley v. Railroad*, 8 N. Y. (S. C.) 455. (5) The defendant should have been permitted to impeach the witness Craig. (6) Plaintiff's instruction, numbered 2, should not have been given. It was simply an abstract proposition of law, and even if correct was not applicable to any fact in evidence. It partook of the nature of a lecture more than of an instruction, and would have been more appropriate in an argument for the plaintiff than in the court's instructions. It was calculated to mislead the jury. *Haegele v. Stove Co.*, 29 Mo. App. 486. (7) The third instruction given for plaintiff is subject to two objections: *First.* It assumed that the defendant's track was defective. This was one of the principal issues in the case, and an instruction which assumed the existence of that fact was very prejudicial to the defendant and clearly erroneous. *Stoher v. Railroad*, 91 Mo. 509; *Stocker v. Green*, 94 Mo. 280; *Kramer v. Mason*, 96 Mo. 559; *Liggett v. Morgan*, 98 Mo. 39; *Robertson v. Drane*, 100 Mo. 273. *Second.* If the track was defective, and plaintiff had knowledge of that fact, then he assumed the risk, regardless of what his

opinion may have been as to whether the defect increased the danger. Reeves' Domestic Rel., p. 465, note; *Hayden v. Smithville*, 29 Conn. 548; Cooley on Torts, p. 551; *Hulett v. Railroad*, 67 Mo. 239. The sixth instruction is subject to the same objection. (8) Instruction, numbered 7, withdrew from the jury entirely the consideration of the question of negligence on the part of the plaintiff. *Clay v. Railroad*, 17 Mo. App. 629. (9) Defendant's instruction, numbered 4, should have been given. If the defendant's track was defective, and if plaintiff knew of such defect and entered into and continued in the defendant's service notwithstanding such defective track, then he unquestionably assumed the risks incident to such defective track. *Noland v. Shickle*, 3 Mo. App. 300; *Cummins v. Collins*, 61 Mo. 520; *Devitt v. Railroad*, 50 Mo. 305; *Smith v. Railroad*, 69 Mo. 32; *Porter v. Railroad*, 71 Mo. 66. (10) Defendant's instructions, numbered 15 and 27, should have been given. (11) The court erred in permitting the plaintiff to prove that the track in question had been repaired or changed more than six months after the accident. *Parker v. Portland Co.*, 69 Me. 173; *Dougan v. Trans. Co.*, 56 N. Y. 1; *Baird v. Daly*, 68 N. Y. 547; *Dale v. Railroad*, 73 N. Y. 468; *Reed v. Railroad*, 45 N. Y. 574; *Salters v. Canal Co.*, 3 Hun, 338; *Hudson v. Railroad*, 59 Iowa, 581; *Morse v. Railroad*, 30 Minn. 465; *Malley v. Carpet Co.*, 51 Conn. 524; *Ely v. Railroad*, 77 Mo. 34; *Hipsley v. Railroad*, 88 Mo. 354.

*Harrison & Mahan* for respondent.

(1) The juror, Daniel Archdeacon, was competent. It is a mixed question of law and fact, and the finding of the trial court ought not to be disturbed. All doubts should be resolved in favor of the finding. *McCarthy v. Railroad*, 92 Mo. 506; *State v. Cunningham*, 100 Mo. 382; *Montgomery v. Railroad*, 90 Mo. 446; *State ex rel. v. Bank*, 80 Mo. 626; *Hudson v. Railroad*, 53

Mo. 525. (2) When this case was tried the right to show the number and ages of plaintiff's children had been more than once affirmed in this state. It had been the law for more than twenty years. It is now conceded that *Stephens v. Railroad*, 96 Mo. 214, settles the doctrine the other way. But respondent confidently asserts that his instruction, numbered 8, cures the error. It is as follows: "If the jury find for the plaintiff, they will assess his damages at such sum as they believe from the evidence he has sustained, taking into consideration the pain and anguish, mental and physical, the loss of his leg and other injuries sustained, not to exceed $10,000." This is a specific instruction as to measure of damages, and confines the compensation to injuries sustained. *Stephens v. Railroad*, 96 Mo. 214; *Dayharsh v. Railroad*, 103 Mo. 577. (3) The bill of exceptions shows that no objection was made or exception saved to the alleged improper remarks of counsel, and for that reason no such question is before the court. *State v. Carter*, 98 Mo. 181; *Sidekum v. Railroad*, 93 Mo. 407; *State v. West*, 95 Mo. 142; 1 Thompson on Trials, p. 745. The alleged improper remarks, if any were made, should have been preserved in the record. This was not done. They were simply recited in motion for new trial, and sworn to by one of appellant's counsel. This is absolutely no proof of the fact that the alleged remarks were made. *State v. McDaniel*, 94 Mo. 302; *State v. Bulling*, 15 S. W. Rep. (Mo.) 367; *Norton v. Railroad*, 40 Mo. App. 643; *State v. Forsythe*, 89 Mo. 667; *Skaggs v. Given*, 29 Mo. App. 612; *State v. Carter*, 98 Mo. 181. (4) There was no error in permitting the attending physician to testify as to probable results of the injury, its nature, and the mode and effect of medical and surgical treatment. Abbott's Trial Evidence, p. 600; *Railroad v. Baddely*, 5 Am. Rep. 71; *Briant v. Trimmer*, 47 N. Y. 96; *Matson v. Railroad*, 35 N. Y. 487; *Barber v. Merriam*, 11 Allen, 322; *Railroad v. Wright*, 16 N. E. Rep. 152; *Peterson v. Railroad*, 39

N. W. Rep. 486; *Railroad v. Criste*, 19 N. E. Rep. 310; *Thompson v. Ish*, 99 Mo. 174. (5) The appellant did not lay a sufficient foundation for the impeachment of Craig. There was neither time, place, person or circumstances sufficiently stated. *Bohart v. Buchanan*, 50 Mo. 201; *Baker v. Shaw*, 35 Mo. App. 611; *State v. Foye*, 53 Mo. 336. (6) Respondent's instructions presented the case fully, fairly and impartially, and have been approved repeatedly in this state. *Porter v. Railroad*, 71 Mo. 66; *Siela v. Railroad*, 82 Mo. 430; *Whalen v. Railroad*, 60 Mo. 320; *Lewis v. Railroad*, 59 Mo. 495. The instructions do not assume the existence of any fact. They are to be taken together, and when so read they present every element of the case even more favorably to appellant than necessary. *Ridenhour v. Railroad*, 102 Mo. 270; *Whalen v. Railroad*, 60 Mo. 323. The court fully and elaborately presented respondent's negligence in defendant's instructions, numbered 28 and 30, and in the court's instruction, numbered 11. The court did not commit error in giving the instruction, numbered 7. *Sidekum v. Railroad*, 93 Mo. 406; *McKeon v. Railroad*, 43 Mo. 405. It is the duty of appellant to plead and prove contributory negligence, and ask instructions on such defense. *Hudson v. Railroad*, 101 Mo. 29; *Huckshold v. Railroad*, 90 Mo. 548; *Donovan v. Railroad*, 89 Mo. 147. (8) The court gave thirteen instructions asked by appellant, and refused thirty-six; and in addition gave for appellant four instructions of its own motion. It is believed that the instructions given for appellant fully presented every element of defense. *Crenshaw v. Summer*, 56 Mo. 517; *Norton v. Railroad*, 40 Mo. App. 646. A multiplicity of instructions has often been condemned in other states. *Haney v. Caldwell*, 43 Ark. 184; *Irgram v. State*, 62 Miss. 142; *Hamilton v. People*, 29 Mich. 173. The instructions given are, as a whole, harmonious and consistent with each other, and fully present the law. *Karle v. Railroad*, 55 Mo. 476; *McKeon v. Railroad*,

43 Mo. 405 ; *Boller v. Cohen*, 42 Mo. App. 97. ( 9 ) One witness in respondent's behalf testified that the track had been changed from two to three months after the accident. Appellant proved by its general manager, E. C. Case ; its track foreman, John Kersey ; its master mechanic, Richard Whalen, and two other witnesses, that the track had been changed six months after the accident. Even if there was error appellant cannot complain. *Railroad v. Wiebe*, 36 Am. & Eng. R. R. Cases, 642 ; *Shaw v. Bryan*, 39 Mo. App. 523. Such evidence did not " originate an inference or implied admission of negligence." There was abundant evidence to show the condition of the fuel track at the time of the injury. *Griffith v. Railroad*, 98 Mo. 175 ; *Griffith v. Gillum*, 31 Mo. App. 33 ; *Roe v. City*, 100 Mo. 192.

GANTT, P. J.—This is an action for personal injury, the loss of a leg, by the plaintiff, who was acting as a roustabout in the employ of defendant. At the time of the accident, he was riding on the pilot of an engine, that was placing some cars on a fuel track. The negligence complained of was the defective condition of this track. It was charged to have been so uneven, that plaintiff, without his fault, was thrown from the pilot and his leg crushed by the engine passing over it. The answer was a general denial and contributory negligence.

On the trial the testimony on the part of plaintiff tended to show that defendant's fuel track was out of repair, as charged in the petition, and that plaintiff, who was at the time assisting in taking a car from said track, fell from defendant's engine, which ran over him, necessitating the amputation of his leg.

The testimony on the part of the defendant tended to show that the defendant's said track was in reasonably good condition, and that plaintiff was flirting with some women, and not giving attention to his business, and, hence, the accident.

A number of witnesses testified that plaintiff had frequently switched cars on and off this track prior to the accident, and was perfectly familiar with it; while plaintiff himself testified that he had been at work on this track switching cars twice within a month next before the accident, and had within two or three months prior to the accident been on the lime-kiln track a dozen or more times ; and the two tracks were parallel to each other, and only a few feet apart. The fuel track, on which plaintiff was injured, was only two hundred or three hundred feet in length, and was used only for the purpose of depositing cars of fuel to be unloaded by the lime company.

On the trial the plaintiff was permitted, against the objection of the defendant, to show his condition in life ; that he was a married man, the number of his children, etc. He was also permitted, against defendant's objection, to show that the amputation of his leg was a very dangerous operation ; that it frequently proved fatal, etc. He was also permitted, against the defendant's objections, to show that the track, at the point where he was injured, was subsequently repaired. This was done six or eight months after the accident.

Defendant undertook to impeach the testimony of one Wm. Craig, a witness for plaintiff, by showing that he had made statements different from his testimony. To lay the foundation, defendant's counsel asked said witness if he had not, a few days prior to the time of the trial, made certain statements to a man named Henry Williams. To this the said witness replied that he did not know Henry Williams, but Harry Williams was the man to whom counsel referred, and that he had not made such statement to him, or anyone else. When said Williams was called by defendant, the court would not permit him to testify to what Craig had said, on the ground that the foundation had not been properly laid.

One of the panel of jurors, Daniel Archdeacon, on his *voir dire*, said that the plaintiff was a second or third

cousin of his (juror's) wife, and that this fact would influence his verdict. Thereupon, defendant challenged him for cause, but its challenge was overruled. He then, upon examination, said he could render a fair and impartial verdict.

. Appellant asked forty-nine instructions. It assigned as error the refusal to give thirty-six of these. It has been more considerate of this court, and in its abstract only presents us with nine of those refused, and in its brief only insists that four of these were improperly refused, numbers 4, 6, 15 and 27, and complains only of the second, third, sixth and seventh of those given for plaintiff.

The jury returned a verdict for plaintiff for $5,000. From this defendant appealed to this court.

I. The juror, Archdeacon, on his *voir dire*, stated the plaintiff was second or third cousin to his wife. He was then asked by counsel for defendant, "Would that relationship influence you in coming to a conclusion?" He answered, "Yes, sir." He was then challenged for cause. He was then asked by plaintiff's counsel, "Don't you believe that under your oath you could try the case impartially?" He answered, he could if it was his brother. Defendant again inquired, "Don't you think that you would be inclined to listen more favorably to his evidence? *A.* Well, I might." The defendant challenged the juror for cause, and the court overruled the challenge and defendant excepted.

The finding of a trial court as to the qualification of a juror ought not to be disturbed unless it is clearly against the evidence. The trial judge has exceptional advantages to see and know the jurors. Often the manner alone and tone of voice may indicate prejudice or bias, or the want of either. It would seem, however, that a court ought to have no difficulty in obtaining jurors of good repute who are in no way related to either party. While we would hesitate long before reversing this case for this action alone, we think it is

a precedent not to be followed. This juror could hardly be said to have that impartiality which the law guarantees every suitor.

II. On the trial over the objection of defendant, the court permitted plaintiff to prove he was a married man, and had one child, a babe. The rule is now settled in this state, that this was reversible error. *Stephens v. Railroad*, 96 Mo. 207; *Dayharsh v. Railroad*, 103 Mo. 570.

III. Plaintiff offered, and the court admitted, evidence against the objection of defendant, that some six months after the accident to plaintiff defendant repaired this fuel track, built it up, put in new ties and good rails. The purpose of this evidence is obvious. It has but one meaning. It was calculated to induce the jury to believe the repairs were made by defendant because of a consciousness that its track was defective as charged by plaintiff. In permitting this, the court erred. *Hipsley v. Railroad*, 88 Mo. 348; *Brennan v. St. Louis*, 92 Mo. 482; *Alcorn v. Railroad, ante*, p. 81.

IV. The court erred in refusing to permit defendant to impeach the witness Craig by the witness Williams. Craig's attention was called to the time and place and to the statements made. The fact that Williams was designated as Henry, when his name was Harry, was of no consequence. Craig understood who was meant, and that was sufficient. Nor can we say the evidence was merely cumulative.

V. The alleged improper remarks of counsel in argument were not objected to at the time, and cannot be reviewed by us. *Sidekum v. Railroad*, 93 Mo. 407.

VI. We have considered the objections to the instructions given for the plaintiff. We find no error in them. The instruction, numbered 2, while it is unquestionably the law, standing alone, is an abstraction, and would not aid the jury. It might well have been omitted. The court was liberal in instructions for defendant.

The only question that arises upon those given and refused is whether the court fully instructed upon the liability of defendant, if plaintiff knew of the defective condition of the fuel track, and continued to work on it after having such knowledge. Without going over this ground in an extended way, it is sufficient to say, as was said by this court in *Soeder v. Railroad*, 100 Mo. 673: "As to whether there was a substantial defect in the track occasioned by the defective rail or whether the deceased was familiar with this particular track were questions also for the jury, as different conclusions might be drawn from the evidence on these subjects. Conceding, however, that the deceased was perfectly familiar with this track and remained in defendant's employment, this of itself would not have been sufficient to defeat a recovery. The deceased's knowledge of the unsafe condition of the track, if it was unsafe, would not defeat a recovery, 'if it was not so dangerous as to threaten immediate danger, or if he might have reasonably supposed that he could safely work about it by the use of care and caution.' *Huhn v. Railroad*, 92 Mo. 440."

By qualifying instruction, numbered 4, given by the court of its own motion, to conform to the principles laid down in the *Soeder* and *Huhn cases, supra*, the rights of both plaintiff and defendant can readily be determined by the jury. The cause is reversed and remanded for a new trial. All concur.