JOHN E. COMPTON, Respondent, v. OMAHA, KANSAS CITY & EASTERN RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, December 4, 1899.

1. **Master and Servant: ASSUMPTION OF RISK: DEFECTS V. RISK: PLEADING: JURY QUESTION.** The mere allegation in his petition that the servant knew the defects in a hand car will not render the petition insufficient without the further allegation that he knew the risk attending such defects; and in such case the assumption of risk or contributory negligence is a question of fact to be determined by the jury.

2. ———: **DEFECT IN MACHINERY: INSTRUCTION: EVIDENCE.** Evidence is reviewed and held to warrant an instruction submitting the issue whether the hand car left the track because the wheels thereof would not track.

Appeal from the Adair Circuit Court.—*Hon. N. M. Shelton,* Judge.

AFFIRMED.

*F. M. Harrington* and *J. G. Trimble* for appellant.

(1) The objection to the introduction of any evidence should have been sustained, for the reason that plaintiff admits in his petition that he had been using the car for about four weeks and knew its defects (if any there were). He pleads his inexperience, but that will not excuse him. Four weeks' experience on a car, the wheels of which were not lined up, would not track and would not stay in proper place, but climbed the rail, would give any man information enough to

know such a car was dangerously defective, and his plea of want of knowledge of the dangerous character of the defects is overcome by the presumption that he is not an idiot. Thompson v. Railroad, 2 Mo. App. 633; Ruchinsky v. French, 1 Am. Neg. Rep. (Mass.) 620. (2) Plaintiff's first instruction is erroneous for the reason that there is no evidence that the failure of the wheels to track, or their not being lined up, in any way caused the derailment. The testimony shows one wheel a little sprung—a slight variation. The others were true. Which one left the track is not shown. From the way the car turned when it was derailed, it is evident that the front wheel on the left-hand side left the rail first. Whether that was the wheel slightly out of line, is not shown. If it were not the defective one, the variation had nothing to do with the derailment. (3) He was fully cognizant of all the dangers, and under the law as declared in case of Epperson v. Postal Tel. Co., 50 S. W. Rep. 795, and by this court in Thompson v. Railroad, 2 Mo. App. 633, the case should be reversed and judgment entered for defendant.

*P. F. Greenwood* for respondent.

(1) Respondent submits that the evidence in this case shows he was without experience in using a hand car. And, although he may have known that the defect made the hand car more dangerous to use, yet all the evidence shows the section foreman and all the section hands believed they could use this hand car by the exercise of ordinary care and caution. The defendant tried the case on the theory that it was safe to use it. (2) We submit that where the defect is known by the employee yet the employer can not escape liability to the employee on the grounds of contributory negligence, unless the defect was so obvious and glaring as to deter a prudent person from using the same, and each case is to be determined by the facts surrounding it. Harriman v. Star Co., 81 Mo. App. 124.

SMITH, P. J.—The defendant, a railroad corporation, employed the plaintiff, a farm hand and common laborer, to work on one of the sections of its railroad track in this state. The plaintiff, before such employment, had had no experience in working on a railroad in any capacity. He was under and subject to the orders of one Swanson, who was foreman of the section on which plaintiff was employed to work. The hand car used on the section by Swanson and the men under him was old and nearly worn-out. The cogs were worn-out and did not fit in well together.   They were mashed on top and made the car run hard and, besides this, one of the axles was sprung so that its wheels would not "line up" and would not track.   It was found that when the car was set off on the station platform and moved along the wheels did not track by at least an inch. When moved on the track the wheels were inclined to climb the rails and run on top of them instead of staying down on them, as they ought to have done.

On the day the plaintiff was hurt, which was twenty-one days after he had entered the defendant's service, he and two other section hands were directed by the foreman to take the car and go east some distance on the defendant's railroad track to a tie pile and fetch therefrom a load of ties; and on their way thither, while going down a slight grade and approaching a railroad bridge, the car suddenly jumped the track, throwing the plaintiff off with such force and violence as to seriously injure him.   This suit was brought by him against the defendant to recover damages for the injuries so received.

The petition alleged that the said hand car, furnished by defendant to the foreman to be used by him and his section hands, was, at the time of the plaintiff's injury, and for a long time prior thereto, greatly out of repair, defective and unsafe for use (specifying in what particulars) which was known to

defendant, or by the exercise of ordinary care might have been known to it; that plaintiff knew the car was defective and not in good repair, but did not know, with his limited and short experience, that it would cause it (the car) to jump the track, but believed that, by the use of ordinary care, it could be used with safety in the performance of the work in which he was engaged; that while in the exercise of ordinary care in running the car on said railroad track, by reason of its defective and unsafe condition, it jumped off the track and threw the plaintiff with great force and violence onto a railroad bridge, and by reason of the momentum thereof, the plaintiff's spine, back, head, shoulders, lungs and hip were greatly injured, etc. The answer was assumption of the risk and contributory negligence by the plaintiff. There was a trial and judgment for plaintiff. Defendant appealed.

The defendant challenges the sufficiency of the petition. It contends that since it is therein alleged that the plaintiff used the said car twenty-one days before he was hurt, and knew that it was defective, that he must be conclusively presumed to have also known that it was in an unsafe and dangerous condition, and therefore no liability is disclosed. It is true a servant can not rashly or deliberately expose himself to danger which he knows and appreciates and then hold the master liable for damages for injuries sustained by reason of his rash act. But it is one thing to be aware of defects in the instrumentalities furnished by the master for the performance of his services and another to know or appreciate the risks resulting or which may follow from such defects. The mere fact that a servant knows the defect may not charge him with the assumption of the risk, or with contributory negligence.

The question is, did he know, or ought he to have known, in the exercise of ordinary common sense and prudence, that the risks and not merely the defect, existed? Sullivan v. Railway, 107 Mo. 66. So that it does not logically and inevitably follow, as a necessary legal consequence, that

because the servant knows of the defect in the instrumentalities placed in his hands by the master for the performance of the work assigned to him that he likewise knows and appreciates the risk resulting from the use of such instrumentalities.    Of course, if it had been alleged, as it was not, that the car was so dangerous as to threaten immediate injury, if used, or that it was so glaringly defective that a man of common prudence would not have used it in the performance of the work in which plaintiff was engaged when injured, or that it was not reasonable to suppose that it might not be safely used by the exercise of skill or care, there would be some force in the defendant's contention.    If the plaintiff knew of the defects in the car that would not necessarily preclude a recovery. Whether he assumed the risk or was guilty of contributory negligence in using the car in the work required of him was a question of fact to be determined, not by the court from the allegations of the petition but by the jury from such knowledge and other circumstances disclosed by the evidence. This is the result of all the cases in this state.    Doyle v. Railway, 140 Mo. 1; Bradley v. Railway, 138 Mo. 305; Holloran v. Foundry Co., 133 Mo. 470; O'Mellia v. Railway, 115 Mo. 205; Mahaney v. Railway, 108 Mo. 191; Huhn v. Railway, 92 Mo. 440; Bullmaster v. St. Joseph, 70 Mo. App. 60; Smith v. Coal Co., 75 Mo. App. 177; Harriman v. Star Co., 81 Mo. App. 124.    The defendant's objection to the petition is not therefore well taken.

The defendant next objects that the court erred in its action in giving plaintiff's first instruction.    It is not assailed on the ground that abstractly it is erroneous in expression, but, rather, on the ground that there is no evidence on which to base it.    It submitted to the jury the issue, whether or not hand car left the track because the wheels thereof would not track, and were not properly lined up, and in consequence of which the plaintiff was injured.    There was evidence, as we think, to warrant the submission of this issue.    Besides the

facts hereinbefore stated and shown by the evidence, it further appears that the section foreman himself declared the car unfit for use and had, previous to the accident, requested the road master to furnish another car. It seems to us the facts and circumstances disclosed by the evidence were ample to justify the jury in deducing the inference therefrom that the derailment by which the injury was inflicted was caused by the defective condition of the car.

If the plaintiff was entitled to recover at all, we think that the amount of the verdict was quite moderate and that there is no reasonable ground for complaint on that account.

Discovering no error in the record prejudicial to the defendant on the merits, the judgment will be affirmed. All concur.