B. F. DEVORE, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY, Appellant.

| 86 | 429 |
| 92 | 227 |
| 86 | 429 |
| 99 | ³402 |

Kansas City Court of Appeals, December 3, 1900.

1. **Master and Servant:** PLEADING: KNOWLEDGE OF RISK. A petition summarized in the opinion is held to contain every allegation of fact necessary to constitute a cause of action, since the servant in his declaration is not bound to allege his ignorance of the defect in the machinery he is using but merely his ignorance of the risk of using it.

2. ——: ——: NEGLIGENCE: DEFECTIVE APPLIANCE: JURY QUESTION. Whether the servant is guilty of contributory negligence in using the defective boxes complained of in his petition will be a jury question on the evidence and not a law question on the petition.

3. ——: ——: ——: OPPORTUNITY TO KNOW: JURY QUESTION. Mere knowledge of danger in working with a defective instrumentality will not defeat the servant's action unless the danger be so glaring as to threaten immediate danger; and whether the arrangement of the boxes on the push car complained of in the petition was so glaringly dangerous as to threaten immediate injury was a jury question under proper instructions.

4. ——: NEGLIGENCE: EVIDENCE: PROXIMATE CAUSE: INSTRUCTIONS. The evidence reviewed and found sufficient to send the case to the jury, since the negligence alleged was the proximate cause of the injury; and the instructions are considered and held proper.

Appeal from the Cass Circuit Court.—*Hon. William L. Jarrott*, Judge.

AFFIRMED.

*L. F. Parker, James T. Burney* and *Jno. H. Lucas* for appellant.

(1) The petition wholly fails to state that defendant knew that the manner in which the dump boxes were placed on the push car, was negligent, dangerous and unsafe, and shows on its face that the plaintiff knew the manner in which the same were placed and that the danger arising from it was obvious. Epperson v. Tel. Co., 50 S. W. Rep. 795; Berning v. Medart, 56 Mo. App. 443; Wray v. E. L. & W. P. Co., 68 Mo. App. 388; Railroad v. Stutts, 53 Am. St. Rep. 128; Taylor v. Wootan, 50 Am. St. Rep. 200; Kimmer v. Weber, 56 Am. St. Rep. 630; Peterson v. Coal Co., 63 Am. St. Rep.

289. (2) The demurrer of the defendant to the evidence of the plaintiff, and the peremptory instruction at the close of the whole case ought to have been given. The evidence shows that the opportunity for examination of the manner of placing the boxes on the push car, was open to the observation of the plaintiff as well as to the foreman, and that the danger thereof was known to him at the time. Shea v. Railroad, 76 Mo. App. 32; Steinhauser v. Spraul, 127 Mo. 562; Winkler v. Box Co., 137 Mo. 394; Marshall v. Press Co., 69 Mo. App. 261; Watson v. Coal Co., 52 Mo. App. 366; Wray v. Light Co., 68 Mo. App. 386; Epperson v. Tel. Co., 50 S. W. Rep. 795. (3) The court erred in giving and refusing to give instructions, in that they are conflicting and misleading, are unsustained by the evidence in the case, and do not correctly declare the law of master and servant. Schneer v. Lemp, 17 Mo. 142; Frank v. Railroad, 57 Mo. App. 181; Redpath v. Lawrence, 42 Mo. App. 101; Simmons v. Carrier, 60 Mo. 581; State v. Herrell, 97 Mo. 105; James v. Railroad, 107 Mo. 480.

*J. S. Brierly* and *T. N. Haynes* for respondent.

(1) The petition specifies the acts and defects, the doing and existence of which resulted in the injury; it avers that the same were carlessly and negligently done; that defendant knew or by the exercise of ordinary care could have known of the defects, and that the careless and negligent acts were the cause of the injury complained of. Crane v. Railroad, 87 Mo. 588; Hurst v. City of Ash Grove, 96 Mo. 168; Benham v. Taylor, 66 Mo. App. 308; Hudson v. Railroad, 32 Mo. App. 668; Swadley v. Railroad, 118 Mo. 268; Donahoe v. Kansas City, 136 Mo. loc. cit. 670; Fogus v. Railroad, 50 Mo. App. 250; Scott v. Springfield, 81 Mo. App. 312; Comp-

ton v. Railroad, 3 Mo. App. Rep. 42; Stalzer v. Packing Co., 3 Mo. App. Rep. 507; Booth v. Railroad, 76 Mo. 516. (2) Although the plaintiff knew of the defect in the appliances furnished him by defendant to work with, this does not preclude him from recovery. Stephens v. Railroad, 96 Mo. 207; Huhn v. Railroad, 92 Mo. 440; Doyle v. Trust Co., 140 Mo. 1; Smith v. Coal Co., 75 Mo. App. 177; Soeder v. Railroad, 100 Mo. 673; Swadley v. Railroad, 118 Mo. 268; Donahoe v. Kansas City, 136 Mo. loc. cit. 670; Fogus v. Railroad, 50 Mo. App. 250; O'Mellia v. Railroad, 115 Mo. 206; Scott v. Springfield, 81 Mo. App. 312; Compton v. Railroad, 82 Mo. App. 175; Stalzer v. Packing Co., 84 Mo. App. 565; Booth v. Railroad, 76 Mo. 516. (3) Plaintiff being ordered by defendant's foreman to use the dump boxes in the defective position, his knowledge of such defect, or even danger in the use of same, in that condition, does not constitute contributory negligence and preclude him from recovery. The danger was not so glaring that a servant in a position of subordination and under a duty of obedience, would in the ordinary exercise of care have refused to enter into it. Schroeder v. Railroad, 108 Mo. 322; Higgins v. Railroad, 43 Mo. App. 547; Fogus v. Railroad, 50 Mo. App. 250; Keegan v. Kavanaugh, 62 Mo. 230; Warner v. Railroad, 62 Mo. App. 184; Halliburton v. Railroad, 58 Mo. App. 27; Monahan v. Coal Co., 58 Mo. App. 68; Rowland v. Railroad, 20 Mo. App. 463; Stalzer v. Packing Co., 84 Mo. App. 565; Compton v. Railroad, 82 Mo. App. 175; Booth v. Railroad, 76 Mo. 516. (4) Defendant's demurrer to the evidence and peremptory instruction were properly refused. There was ample evidence on part of plaintiff to warrant the submission of the case to the jury. Herring v. Railroad, 80 Mo. App. 563; Petty v. Railroad, 88 Mo. 306; Harriman v. Star Co., 81 Mo. App. 124. Harney v. Railroad, 80 Mo. App. 667; Smith v. Coal Co., 75 Mo. App. 177;

Compton v. Railroad, 82 Mo. App. 175; Stalzer v. Packing Co., 84 Mo. App. 565; Booth v. Railroad, 76 Mo. 516. (5) The defendant having adopted the use of the dump boxes, the law cast upon it the duty to see that they were in a safe position to be used by its employees. Bender v. Railroad, 137 Mo. loc. cit. 250; Huhn v. Railroad, 92 Mo. loc. cit. 448. (6) The instructions given by the court clearly presented the law as applied to the facts in evidence. O'Mellia v. Railroad, 115 Mo. 205; Fogus v. Railroad, 50 Mo. App. 250.

SMITH, P. J.—This is an action brought by the plaintiff against the defendant to recover damages for personal injuries received by the former in consequence of the negligence of the latter. There was a trial resulting in judgment for plaintiff and defendant appealed.

The petition, the sufficiency of which is assailed by the defendant, alleged in substance that the plaintiff, a section hand in the employment of defendant, while engaged with others in the line of his employment under the directions of the defendant's section foreman was furnished by defendant with a push car and dump boxes to be used for the purpose of hauling and unloading cinders and dirt; that by the direction of the said foreman said dump boxes were improperly and dangerously placed by said section hands on said push car with the backs thereof to the outside of said car, when he, the said foreman, knew or, by the exercise of ordinary care and skill could have known that said boxes should have been placed with their backs together and in the center of said car; that by reason of the said boxes being so improperly placed on said car the same were defective and dangerous to use; that plaintiff without any fault or negligence on his part, while engaged with the other section hands in unloading and removing cinders and dirt from said boxes to and upon defendant's road bed, one of

Vol 86 app—28

said boxes by reason of the same having been carelessly, negligently and unskillfully placed on said car slipped and fell from said car upon plaintiff, striking his right foot with great force and violence, mashing and crushing the great toe of his right foot, etc.

When tested by the rules announced by a long line of adjudicated cases in this state, the petition will, we think, be found to contain every allegation of fact necessary to constitute a cause of action. Crane v. Railroad, 87 Mo. 588; Devlin v. Railroad, 87 Mo. 545; Stoddard v. Railroad, 65 Mo. 519; Huhn v. Railroad, 92 Mo. 440; Soeder v. Railroad, 100 Mo. 673; Hamilton v. Mining Co., 108 Mo. 364; Mahaney v. Railroad, 108 Mo. 201; O'Mellia v. Railroad, 115 Mo. 221; Francis v. Railway, 127 Mo. 669; Scott v. Springfield, 81 Mo. App. 312; Compton v. Railroad, 82 Mo. App. 175; Stalzer v. Packing Co., 84 Mo. App. 565.

In Epperson v. Telegraph Co., 155 Mo. 346, cited and relied on by defendant it was said by one of the judges who delivered a separate opinion in that case that in an action of this kind the petition must allege that the danger or defect was known to the defendant but was unknown to plaintiff. This ruling was not concurred in by the majority of the court and so it furnishes no guide for us.

Under the rule established by the cases just referred to, the plaintiff is not required to allege either that the plaintiff did not know or could not have known by the exercise of ordinary care, the defect or danger. The petition, as has been seen, expressly alleges that the defendant knew, or, by the exercise of ordinary care could have known, that the placing of said boxes on the car with their backs to the outer sides of the car was improper and defective and dangerous to use. This allegation was sufficient.

It may be that we are authorized to infer from the allega-

tions of the petition that the plaintiff knew that the boxes were improperly placed upon the car, but this was not enough to charge him with contributory negligence. It does not follow that because the servant knows of a defect in the instrumentalities placed in his hands by the master for the performance of the work assigned to him that he likewise knows and appreciates the risk resulting from the use of such instrumentalities. If the allegations of the petition had disclosed that the boxes were so dangerous as to threaten immediate injury if used by plaintiff in the way directed by defendant's foreman, or, that it was reasonable to suppose that they might not be used in that way by the exercise of ordinary skill and care, the sufficiency of such allegations might be open to question.

Whether the plaintiff was guilty of contributory negligence in using the boxes in the way he was directed by the foreman in the performance of the work required of him was a question of fact to be determined, not by the court, from the allegations of the petition, but by the jury, from such knowledge and other circumstances as the evidence disclosed. This is the result of the adjudged cases in this state. Doyle v. Trust Co., 140 Mo. 1; Bradley v. Railway, 138 Mo. 305; Holloran v. Foundry Co., 133 Mo. 470; Bullmaster v. St. Joseph, 70 Mo. App. 60; Smith v. Coal Co., 75 Mo. App. 177; Hannon v. Star, decided by us but not yet reported; Compton v. Railroad, 82 Mo. App. 175. Accordingly, we think the petition is in every respect sufficient.

The defendant further insists that its demurrer should have been sustained because the evidence shows that the opportunity for examination of the manner of placing the boxes on the car was alike open to plaintiff and defendant's foreman, and that therefore the danger likely to result from the use of such boxes so placed was known to the former. Mere knowledge that there is danger in working with appliances or instru-

mentalities furnished by the employer will not defeat the action of the employee unless the danger be so glaring as to threaten immediate injury, or unless it be unreasonable to suppose he could safely use them, in the performance of the work required, by the use of ordinary care. Stoddard v. Railroad, *ante,* and the other cases heretofore cited in the same connection with it. And whether or not the danger of performing the work with the boxes placed on the car in the manner which the foreman directed was so glaring as to threaten immediate injury or whether or not it was unreasonable to suppose he could safely perform such work with the boxes so placed on the car by the exercise of ordinary care was for the jury to determine under proper instructions. Stevens v. Walpole, 76 Mo. App. 213; Higgins v. Railway, 43 Mo. App. 547; Muirhead v. Railroad, 19 Mo. App. 634; Flynn v. Railroad, 78 Mo. 196.

The defendant further insists as a reason why its demurrer should have been sustained that all the witnesses concurred in testifying that the accident resulted from the difficulty of removing the boxes from the car; but while this may be true, it is also the further testimony of some of the witnesses that had the boxes been placed with their backs together in the center of the car the men using them could, by taking hold of the handles, thereby tilt them so as to unload them with ease and without being compelled to drop them to the ground in doing so. The irresistible inference deducible from the testimony of the plaintiff's witnesses is that, had the boxes been placed with their backs together in the middle of the car as was usual and customary, that they could have been conveniently and easily unloaded by the men in charge of them without having to resort to the use of a pry or lever and without the necessity of having to drop them on the ground in order to unload them. The evidence shows very clearly that the plac-

ing of the boxes with their backs to the reverse of the way they should have been was the proximate cause of the accident which caused the injury. The demurrer was properly overruled.

The plaintiff's fourth instruction is in harmony with the theory of the petition and the principles of law to which we have already adverted. The defendant's seventh seems well enough and is not inconsistent in enunciation with that of the plaintiff's fourth. No valid objection is seen to the plaintiff's fifth. Certainly, the plaintiff, in handling the boxes so negligently placed, was required to exercise only such care as a prudent section hand would exercise under like circumstances. Instruction number seven given for plaintiff did not inaccurately express the law as the authorities already referred to abundantly attest; and instead of being inconsistent with his number four it is consistent with it. And while it is perhaps somewhat inartistic in expression, yet, a careful reading and consideration of it will show that it assumes no controverted material fact. No error is perceived in the action of the court in giving, on its own motion, instruction number eight. It is not in conflict with either four or seven given for plaintiff.

The defendant is mistaken in his statement that there was no evidence adduced to the effect that the boxes slipped and fell from the car. The plaintiff, when testifying, was asked by defendant whether or not while holding to one of the handles of the box it did not slip and fall, and to which question he answered "yes." He was then further asked by defendant whether or not that was the way in which the injury happened and to which he also gave an affirmative answer. There is other evidence tending to show that the section men were endeavoring to get the box in a position where they could unload it by pulling, lifting and prying when it got away from them, slipping and falling to the ground. It will not therefore do to say that said instruction is unsupported by any evidence or that it is misleading.

The defendant's first, second and third instructions were properly refused. The case was manifestly one for the jury whose verdict was fully justified by the evidence.

No error prejudicial to the defendant on the merits is discovered and accordingly the judgment will be affirmed. All concur.