Goble v. Kansas City.

GOBLE, Appellant, v. KANSAS CITY.

Division One, March 7, 1899.

1. **Evidence**: SIDE ISSUES: DEFECTIVE SIDEWALKS: INJURY TO OTHERS. Where plaintiff complains that she was injured by stepping into a hole in a sidewalk, which the city had negligently permitted to become concealed by weeds and grass, evidence from another witness that she, also, had fallen through the same hole within a reasonable time before or after the accident to plaintiff, is not admissible. The effect of the admission of such testimony would be to open the door to perplexing side issues, not raised by the pleadings.

2. ——: ——: ——: ——: EXPERT WITNESSES. One who has once or twice fallen through a hole in a sidewalk, does not thereby become an expert witness on the condition of that walk at the time plaintiff was injured, nor is the question, What is a defective side-walk? one calling for expert testimony.

*Appeal from Jackson Circuit Court.*—HON. E. L. SCARRITT, Judge.

AFFIRMED.

GEORGE W. DAY for appellant.

) In a suit for damages for injuries received in a defective sidewalk, proof of like accidents which

occurred at the same place and while the sidewalk was in the same condition as when the plaintiff was injured, is admissible in his favor.    District of Columbia v. Armes, 107 U. S. 519; Quinlan v. Utica, 11 Hun. 217; s. c., 74 N. Y. 603; Osborne v. Detroit, 32 Fed. Rep. 36; Delphi v. Lowrey, 74 Ind. 520; Augusta v. Hafens, 61 Ga. 48; Gilmer v. Atlanta, 77 Ga. 688; Chicago v. Powers, 42 Ill. 169; House v. Metcalf, 27 Conn. 631; Calkins v. Hartford, 33 Conn. 57; Darling v. Westmoreland, 52 N. H. 401; Hill v. Railroad, 55 Me. 438; Kent v. Lincoln, 32 Vt. 591.    (2)   This court will reverse the action of the trial court in rejecting evidence, upon a general objection, if the rejected evidence was competent for any purpose.    Chaffee v. Railroad, 64 Mo. 193.

HERBERT S. HADLEY for respondent.

(1)   As all the evidence is not set forth in the abstract of the record, it is impossible to determine whether or not the question asked was a proper one, and the judgment of the lower court should be affirmed in the absence of a clear showing that error was committed at the time of the trial. Vaughn v. Railroad, 34 Mo. App. 141; Wilson v. Board of Education, 63 Mo. 137; Bank v. Aull, 80 Mo. 199; McMillen v. State, 13 Mo. 31; Peck v. Choteau, 91 Mo. 138; Holmes v. Braidwood, 82 Mo. 610.    (2)   The court will sustain the action of the trial court in sustaining an objection to the evidence in case the objection made was a general one, if it is valid on any ground.    State v. Hope, 100 Mo. 347. (3)   Where the abstract of the record fails to disclose that the answer of the witness would have been competent evidence, or fails to state the tenor of such evidence, the appellate court will not reverse the judgment for the failure of the trial court to admit it.    Bank v. Cleveland, 64 Mo. App. 545; Kraxberger v. Roiter, 91 Mo. 404; Bank v. Aull, 80 Mo. 199; Berthold v. O'Hara, 121 Mo. 88; Jackson v. Hardin, 83 Mo. 175.    (4)   The question asked was incom-

petent and immaterial and the objection was properly sustained. Branch v. Libbey, 78 Me. 321; Matthews v. Cedar Rapids, 20 Am. St. Rep. 436; Langworthy v. Green, 95 Mich. 93; Bloor v. Delafield, 69 Wis. 273; Shoomaker v. Wilbraham, 110 Mass. 134; Hubbard v. Concord, 35 N. H. 52; Phillips v. Willow, 70 Wis. 6; Parker v. Pub. Co., 69 Me. 173; Hudson v. Railroad, 59 Iowa, 581; Tem. Hall Ass'n v. Giles, 33 N. Y. Law, 260; Railroad v. Wynant, 114 Ind. 525; Stoker v. Railroad, 91 Mo. 509.

GEORGE W. DAY for appellant in reply.

(1) It is not necessary in a bill of exceptions to set out all the evidence, except where the verdict is alleged to be against the evidence. Barge Resort v. Brooke, 10 Mo. 531; Carter v. Holman, 60 Mo. 498; Silvey v. Sumner, 61 Mo. 253; Walls v. Gates, 4 Mo. App. 1; Cummings v. Denny, 6' Mo. App. 602; Range Co. v. Alexe, 28 Mo. App. 188. (2) The materiality of the evidence excluded may be inferred from the question; therefore it was unnecessary for the plaintiff to make a tender of it. Armstrong v. Farrar, 8 Mo. 627; State v. Leland, 82 Mo. 260; Jackson v. Hardin, 83 Mo. 175; Kraxberger v. Roiter, 91 Mo. 404. (3) It was unnecessary for plaintiff to make a tender of proof for the further reason that the trial court, in express terms, limited the inquiry to the condition of the walk, and it would have been presumption on the part of counsel to make a tender after such a ruling. 1 Thompson on Trials, sec. 686; Scripps v. Reilly, 38 Mich. 14.

HERBERT S. HADLEY for respondent on motion to dismiss appeal.

It is submitted by respondent that this appeal should be dismissed for the reasons: (a) That such an abstract of the record, as has been filed by the appellant in this case is not in accordance with the rules of this court. (b) That

the abstract of the record that has been filed is not sufficient to give to this court "a full and complete understanding of all the questions presented for decision."   (c)   That the abstract of the record fails to disclose what the evidence excluded at the trial was.   Rule 6 of the Supreme Court; Deal v. Cooper, 94 Mo. 62; Sebree v. Patterson, 92 Mo. 451; Stokes v. Burns, 132 Mo. 214; Late v. Bancroft, 1 Mo. 163; Jackson v. Magruder, 51 Mo. 55; Bank v. Armstrong, 92 Mo. 265; Williams v. Mitchell, 112 Mo. 300; State ex rel. v. Jones, 131 Mo. 194; Spiva v. Mining Co., 88 Mo. 68; Wilkerson v. Allen, 67 Mo. 502; Brand v. Cannon, 118 Mo. 595; Long v. Long, 96 Mo. 180; Jayne v. Wine, 98 Mo. 404; Craig v. Scudder, 98 Mo. 664; Clark v. Fairly, 100 Mo. 236; Snyder v. Free, 102 Mo. 325; James v. Railroad, 107 Mo. 480; Cunningham v. Railroad, 110 Mo. 208.

GEORGE W. DAY for appellant on motion to dismiss appeal.

Respondent's motion to dismiss this appeal should be denied because:   (a)   As to the first and second grounds thereof, the motion fails to call the court's attention to the specific evidence which is omitted, or to any evidence which is unfairly or partially abstracted.   Garrett v. Mining Co., 111 Mo. 279.   (b)   The third paragraph of respondent's motion is not a proper ground for dismissing the appeal. That alleged reason raises one of the questions which this court must consider and determine on the merits of the case. (c)   The appellant has complied with the rules of this court relating to the filing of abstracts.   Feeling aggrieved by the judgment of the trial court, and being compelled to use economy in the prosecution of her appeal, a record was made below for the purpose of enabling her to present to this court for review a single question—the correctness of a ruling of the trial court excluding evidence.   The bill of exceptions filed, therefore, did not contain all of the evidence, nor,

indeed, more than was considered sufficient for the above purpose. The record as made has been fully and fairly abstracted by appellant, and the entire criticism of respondent touching the sufficiency of appellant's abstract is no more than a covert attack upon the record itself, which record the appellate court will accept as absolutely true. Christian v. Wight, 19 Mo. App. 165.

ROBINSON, J.—By this action plaintiff sought to recover damages for personal injuries alleged to have been sustained by her in consequence of the defective condition of a board sidewalk on one of the streets of Kansas City, Missouri. Plaintiff's claim is, that on the twelfth day of June, 1894, while walking on the sidewalk on the west side of Flora avenue, in Kansas City, between Eleventh and Twelfth streets, she stepped into a hole in the sidewalk, fell and was seriously injured, the hole being concealed, or partly concealed from view, by a growth of weeds and other vegetation. The answer was a general denial, coupled with a plea of contributory negligence. There was a trial in the circuit court which resulted in a verdict for the defendant and the plaintiff after the usual preliminaries has appealed.

The testimony on the merits is neither preserved in the bill of exceptions nor abstracted in this record.

The record simply shows that plaintiff offered testimony through herself and other witnesses tending to support the allegations of her petition, and that defendant offered testimony tending to support the allegations of its answer, and that of the witnesses called by the plaintiff one, Ritta Hayes, who, after stating that she was acquainted with the condition of the sidewalk in June, 1894, at the place where plaintiff was injured, and that it was in a bad condition, and that she believed a little of it was broken off at each corner, and that she frequently used the walk in going to and from her home to different parts of the city, was asked the following ques-

tions: "Did you ever fall or go through the walk at that point?" This question, on the objection of defendant, was excluded by the trial court and the plaintiff excepted, the court saying at the time of sustaining the objection, "the witness may state the condition of the sidewalk." The only question presented by the record for review now, is the ruling of the circuit court in excluding the testimony of the witness Hayes on this one point.

Whether evidence of similar accidents, by another, upon an alleged defective walk at the place where the injury complained of is charged to have occurred, within a reasonable time before or after the accident, is admissible, is a question that has given rise to numerous and conflicting opinions in the different courts of our country. In point of number, as well as in the strength of reason upon which the two adverse rules have been announced, however, we think the weight of authority favors the rule denying the admission of such testimony as evidence. The question in issue and to be determined by the jury was, the condition of the sidewalk on the twelfth of June, 1894, when plaintiff was said to have been injured, and if found to be defective, did such defect cause the injury to plaintiff while walking upon and using the same with proper and reasonable care? It is a condition and a fact the jury must find and determine upon, and not the experience or experiments of another or others. To permit such testimony to be heard would be to open the door to perplexing side issues, not raised by the pleadings and which presumably neither party would be prepared to try, a contingency, which all rules of evidence should, as far as possible, be so framed as to avoid. In our judgment all evidence of such collateral facts should be excluded on the ground, that it tends to draw the minds of the jurors from the real question in issue; to prejudice and mislead rather than to inform them upon the direct issue that they must consider and pass upon; and further because the adverse party having no notice from the

pleading of such issue or issues, is not presumed to be prepared to meet it (or them) when thus raised or developed, by the rule permitting the giving of such testimony.

If the testimony of Mrs. Hayes would have been to the effect that she had fallen or gone through the sidewalk, at the point where plaintiff claims she was injured, is to be held and treated as tending to prove the defective condition of the sidewalk, as charged in plaintiff's petition (and that is the only object, plaintiff says, it was offered for), it must of necessity follow that the city would, for a like reason, have the right to show that at the time the witness fell through the walk, she was not in the exercise of reasonable or ordinary care, and also that others had passed over the sidewalk in perfect safety notwithstanding the alleged defect, and thus to the consideration of the jury would be introduced an issue or issues as different of solution as the one they primarily were called to pass upon, as indicated by the pleadings.

Under this rule with each (new) witness thus called there would appear to view a new issue, and facts collateral thereto (not made by the pleadings) would be multiplied and increased until in the chaos of complications, the real issue would be obscured and hidden rather than elucidated and brought clearly to view, the true purpose in calling witnesses.

In the consideration of the question whether plaintiff's witnesses A., B. or C. were injured through a defect in the sidewalk on account of their own fault or carelessness, the real issue must be lost sight of to some extent and surely so, when to it we permit the other question to be introduced as to whether the witnesses D., E. and F., called by defendant passed over the sidewalk by the exercise of particular care to avoid the defect, or whether they passed over it in the ordinary course of travel. No good can come from the recitation of the various and different experiences of so many different travelers upon the sidewalk in the performance of the same act.

We do not think there was error in the action of the trial court sustaining the objection to the testimony thus offered by plaintiff.

After a witness has been called and permitted to tell all he or she knows regarding the condition of the walk at the time and place of the accident, or shortly before or thereafter as the case might be, all has been told by that witness of the facts in the case, and what has happened or not happened to him or her in dealing with those facts is mere individual or personal experience, which a witness should only be permitted to give to the jurors, when called as an expert upon some question that he or she is presumed to be more familiar with than the average witness or juror. Certainly a party who has fallen once or oftener upon a sidewalk at a designated place can not be said to possess a special or peculiar knowledge over his more cautious, observing or fortunate neighbor, who has never as much as stumbled in passing the same place, that entitles him or her to give his experience at that place as a stumbler, for the purpose of aiding the juror in determining the real condition of the walk; or the question, as to the care that plaintiff was exercising at the time she was injured. The question as to what is, or what is not, a defective sidewalk is not one calling for expert testimony, but is one the jury must determine from the facts and conditions detailed to them by the witnesses. With the condition of the sidewalk detailed by the witnesses, to the jurors, they as well as the greatest sidewalk builders or the most frequent sidewalk stumbler, are prepared to form their opinion as to the character of the walk wholly unaided by the personal experience of another.

The judgment of the circuit court is affirmed. BRACE, P. J., and VALLIANT, J., concur; MARSHALL, J., absent.