ROBERT J. THOMPSON, Respondent, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

| 86 | 141 |
| 92. | 227 |
| 86 | 141 |
| 99 | ²402 |

**Kansas City Court of Appeals, December 3, 1900.**

1. **Master and Servant: DEFECTIVE APPLIANCES: RISK: CONTRIBUTORY NEGLIGENCE.** The servant assumes the ordinary risk of his employment as well as such unusual risks as he may see fit to assume; but he is not required to exercise the same degree of care in regard to the risks of a defective place or appliance as the master who is required to furnish safe places and appliances; still the servant can not rashly expose himself to known dangers; but mere knowledge of a defect without knowledge of the risk attending such defect will not amount to contributory negligence.

2. ———: **NEGLIGENCE: CONTRIBUTORY NEGLIGENCE: JURY QUESTION.** The evidence is examined and held sufficient to send to the jury the issue whether plaintiff was guilty of contributory negligence in obeying an order to couple the tenders of two engines together.

3. **Trial and Appellate Practice: INSTRUCTIONS: COMMON ERROR.** Where appellant's instructions are the converse of those of the respondent, he can not take advantage of a common error in the appellate court.

Appeal from the Grundy Circuit Court.—*Hon. P. C. Stepp,* Judge.

AFFIRMED.

*W. F. Evans* and *McDougal & Sebree* for appellant.

(1) · The court committed error in refusing to give the demurrer to the evidence, and in refusing to give the peremptory instruction to find for the defendant. Marshall v. Press Co., 69 Mo. App. 256; Watson v. Coal Co., 52 Mo. App. 366; Wray v. Light Co., 68 Mo. App. 380; Nugent v. Milling Co., 131 Mo. 241; Holloran v. Foundry Co., 133 Mo. 470; Lucey v. Oil Co., 129 Mo. 32; Burnes v. Railroad, 129 Mo. 41; Steinhauser v. Spraul, 127 Mo. 541; Brooks v. Railroad, 47 Fed. Rep. 687; Thomas v. Railway, 109 Mo. 187; Winkler v. Basket Co., 137 Mo. 394; Price v. Railroad, 77 Mo. 508; Hulet v. Railroad, 67 Mo. 239; 1 Bailey's Personal Inj., secs. 640, 642, 656, 657. (2) The court committed error in giving instructions 1 and 2 on the part of the plaintiff. Williams v. Railway, 119 Mo. 316; Devitt v. Railroad, 50 Mo. 305; Master's Liability—Bailey, secs. 152, 153, 154, 155, and authorities cited under first paragraph. (3) Plaintiff's own negligence contributed directly to the injury, and defeats his recovery.

*Harber & Knight* for respondent.

(1) The employer owes the duty to the employee to see that every reasonable precaution is taken to insure his safety. Keegan v. Kavanaugh, 62 Mo. 230; Henry v. Railroad, 109 Mo. 488; Thomas v. Railroad, 109 Mo. 187. (2) It is the duty of the employer to provide his servants, with reasonably safe, and suitable appliances, with which to perform their duties. Bowen v. Railroad, 95 Mo. 268; Steinhauser v. Spraul, 114 Mo. 551; Berning v. Medart, 56 Mo. App. 443; Higgins v. Railroad, 43 Mo. App. 547; Hamilton v. Mining Co., 108 Mo. 364; Covey v. Railroad, 86 Mo. 635; Alcorn v. Railroad, 108 Mo. 81; Herdler v. Stove and Range Co., 136 Mo. 3; Bender v. Railroad, 137 Mo. 240; Gutridge v. Railroad, 105

Mo. 520; Warner v. Railroad, 62 Mo. App. 184. (3) While not required of the employer, that it adopt any particular kind of machinery and engines, the law does imposé upon it the duty to see that the appliances furnished for use, are reasonably safe, designed, and fit, for the use for which they are furnished. Bender v. Railroad, 137 Mo. 240; Tabler v. Railroad, 93 Mo. 79; Bowen v. Railroad, 95 Mo. 268; Steinhauser v. Spraul, 114 Mo. 551. (4) Such use, therefore, was not incident to Mr. Thompson's employment, and hence, of course, the risk incident to their use, was not one of the ordinary risks of Mr. Thompson's employment. Flynn v. Railroad, 78 Mo. 195; Donahoe v. Kansas City, 136 Mo. 657; Waldhier v. Railroad, 87 Mo. 37; Lucey v. Railroad, 129 Mo. 32; Hosic v. Railroad, 75 Ia. 686; Lalor v. Railroad, 22 Ill. 401; Shroeder v. Railroad, 108 Mo. 322; Conroy v. Iron Works, 62 Mo. 35; Covey v. Railroad, 86 Mo. 635; Stoddard v. Railroad, 65 Mo. 514; Settle v. Railroad, 127 Mo. 336; Gutridge v. Railroad, 105 Mo. 520; O'Mellia v. Railroad, 115 Mo. 205; Smith v. Coal Co., 75 Mo. App. 177; Soeder v. Railroad, 100 Mo. 673; Steinhauser v. Spraul, 114 Mo. 551; Gardner v. Railroad, 135 Mo. 90; Doyle v. Trust Co., 140 Mo. 1; Hollenbeck v. Railroad, 141 Mo. 97; Ballard v. Railroad, 51 Mo. App. 453; Jones v. Packet Co., 43 Mo. App. 398; Warner v. Railroad, 62 Mo. App. 184; Wray v. Light & Water Co., 68 Mo. App. 380; Shortel v. City of St. Joseph, 104 Mo. 114; Mahaney v. Railroad, 108 Mo. 191; O'Mellia v. Railroad, 115 Mo. 205; Sullivan v. Railroad, 107 Mo. 66; Steinhauser v. Spraul, 114 Mo. 551; Benham v. Taylor, 66 Mo. App. 308; McGowan v. Railroad, 61 Mo. 528; Muirhead v. Railroad, 19 Mo. App. 630; Huhn v. Railroad, 92 Mo. 440; Porter v. Railroad, 71 Mo. 66; Hamilton v. Mining Co., 108 Mo. 364; Mahaney v. Railroad, 108 Mo. 191, loc. cit. 201; Swadley v. Railroad, 118 Mo. 268; Fugler v. Bothe, 117 Mo. 475; Rod-

ney v. Railroad, 127 Mo. 676; Higgins v. Railroad, 43 Mo. App. 547; Hughes v. Fagin, 46 Mo. App. 37; Malone v. Morton, 84 Mo. 436; Stephens v. Railroad, 86 Mo. 221; Stephens v. Railroad, 96 Mo. 207; Moore v. Wire Co., 55 Mo. App. 491; Coontz v. Railroad, 115 Mo. 669; Foster v. Railroad, 115 Mo. 165; Murphy v. Railroad, 115 Mo. 111; Muirhead v. Railroad, 103 Mo. 251; Tabler v. Railroad, 93 Mo. 79; 2 Thompson on Neg., 975; Dixon v. Railroad, 109 Mo. 413; Thorpe v. Railroad, 89 Mo. 650; Flynn v. Bridge Co., 42 Mo. App. 529; Higgins v. Railroad, 43 Mo. App. 547; McMullen v. Railroad, 60 Mo. App. 231; Ellingson v. Railroad, 60 Mo. App. 679; Crane v. Railroad, 87 Mo. 588; Shroeder v. Railroad, 108 Mo. 322; Flynn v. Railroad, 78 Mo. 195; Whittaker Smith on Neg., 133, 398, 399; Bender v. Railroad, 137 Mo. 140.

SMITH, P. J.—This is an action to recover damages for personal injuries.

The petition alleged, *inter alia,* that: Plaintiff was in the employment of defendant at the city of Trenton in this state in the capacity of common laborer in and about defendant's round-house, switch and tracks, aiding and assisting in the movement, among other things, of engines, coupling and uncoupling the same. That in and about the work of plaintiff he was under control and direction of a boss; said boss being entrusted by defendant with authority of superintending and control of plaintiff in and about his said duties, as well as with authority to direct plaintiff in the performance thereof. That said boss ordered plaintiff to go in between two engines to couple the same together, the rear or tank ends thereof at the time facing each other; and were being brought together on the same track in that position, the rear or tank end of one coming against the other. That said engines and tanks were

so constructed that when they came together, as aforesaid, they were dangerous and unsafe to the life and limb of those undertaking to couple or go between same. That there was no protection or appliance of any kind to keep the same apart, but, on the contrary, when the same came together there was not sufficient space for a man's body, or anything to keep the same from crushing the body of the person between same; that the danger to which plaintiff would be exposed by obeying said order was unknown to plaintiff; that in obedience to said order to go between said engines to couple same, and relying upon the knowledge and skill of said boss, plaintiff, without fault or negligence on his part, did at said time and place, go between said engines and tanks when the same were coming together, for the purpose of coupling the same; that by reason of the negligence and want of care on part of defendant in not providing proper appliances and machinery and the negligence and want of care in said boss in so ordering plaintiff into said place of danger between said tanks and engines, he was caught between the same and crushed; his left shoulder broken and dislocated; his body torn, mashed and bruised, etc.

There was a trial before a jury resulting in judgment for plaintiff and defendant appealed.

At the conclusion of the evidence the defendant requested and the court refused an instruction in the nature of a demurrer to it. The propriety of the action of the court in refusing this instruction can only be determined by a reference to the evidence, the substance of which is to this effect:

At the time the plaintiff was injured he was employed by the defendant in the capacity of hostler's helper. The duties of helper were, "to assist in knocking fires out of engines and to couple engines and cars together, and in moving engines and cars." Coupling of engines together was not usual though it was occasionally done. The plaintiff had been employed

as hostler's helper for something like eighteen months before he was injured, and for the two or three years previous thereto he had been employed by defendant in its yards at Trenton as general roustabout, trackman, assistant truck man and tank man, etc. It does not appear that he had had any experience as brakeman beyond that incidentally acquired by him while acting in one of the capacities just stated. Acting under the orders of the hostler he had occasionally coupled a freight engine tender to that of a passenger engine, and had also when required coupled cars standing in the defendant's yards to engines.

It further appears that during the course of his employment he had acquired a general knowledge of the structure and operation of the devices used by defendant in coupling its freight and passenger engines to cars. It is in effect conceded that the coupling device used on a freight engine is quite different from that of a passenger engine. The former is described as a "big flat casting with two or three pockets for the links to fit in," and the latter as a draw head "bumper or gooseneck that runs straight back to keep out the slack in the cars." An engine having a coupling device of the former kind and one having that of the latter could not, when being coupled, on account of the projection and extension of these devices beyond the end of the tenders of such engines, approach nearer to each other than about eighteen or twenty inches. But the device used for coupling freight engines to cars is such that it will permit the rear end of the tenders of two of such engines, about to be coupled, to approach within about eight inches of each other; or, in other words, the space between such tenders when so coupled is only about eight inches.

The plaintiff testified that at the time of his injury he did not know how far a freight engine coupling device extended beyond the rear end of the tender of such engines, and

that his attention was never in any way specially called thereto. In all the couplings he had made there was ample space between the tenders and between the tenders and cars for him to make the same with his breast at right angles to the track, and that he made all such couplings while in that way.

On the day plaintiff was injured there were three freight engines standing quite close together on a certain track in defendant's yards. The first was headed in the direction of a certain switch. The rear end of the second was only about three feet from that of the first. The hostler told the plaintiff that they must move these engines out of the yards. As the hostler stepped upon the first he said to plaintiff that he would take two of them out and for plaintiff "to drop the pin in," meaning for plaintiff to couple the rear of the two together, when he backed up the first. Plaintiff acting in obedience to this order promptly stepped upon the track in front of the rear of the tender of the second engine and in the next instant the first under the control of the hostler, moved up until its tender came to a stop within eight inches of the rear end of the second, catching the plaintiff between the two and seriously injuring his shoulder and ribs. There is no suggestion that the engines so coupled were defective in any particular, or that the coupling devices of the same were different from some twenty-five others used by defendant and frequenting its yards.

The question raised by the demurrer is whether or not the facts disclosed by the record establish a cause of action. When the plaintiff, under the orders of the hostler, went between the defendant's freight engine tenders to couple the same, did he assume the risk of danger thereby incurred? When one enters into a contract of service the law implies that he takes the risk ordinarily incident to such contract of employment, and whatever the law implies in a contract is as much a part thereof as if written therein. State v. Gas Light Co., 102 Mo. 485; State v. Gilmore, 141 Mo. 512.

It is the employer's duty to his employee to use reasonable diligence in providing for him a safe, suitable and fit place, buildings, premises, machinery and appliances in and with which to do the work required of him, and this duty extends not only to such unnecessary and unreasonable risks which are in fact known to him but such as he might reasonably be expected to know under the facts and circumstances connected with the service. The employee assumes such risks as are reasonably necessary and incident to his employment, as well, also, as such extraordinary and unusual risks as he may see fit to assume. But he is not required to exercise the same degree of care and diligence in inspecting and investigating the risks to which he may be exposed as the employer, but has the right to presume that the employer will furnish him a reasonably safe place, buildings, premises, machinery and appliances in and with which to perform the work; and where directed by the employer to perform certain work or service, he has the right to presume that he will not send him into a place of danger or require him to use unsafe, unsuitable or unfit machinery or appliances without assuming the risk of so doing. But while this is so the employee can not rashly or deliberately expose himself to danger which he knows and appreciates and then hold the employer liable in damages for the injuries resulting from his own rashness. And mere knowledge of the defective condition of a place, buildings, premises, machinery or appliances in or with which the employee is engaged in doing the work will not, as a matter of law, bar a recovery unless such place, building, premises, machinery or appliances is so glaring and obviously defective, imperfect or unfit that a man of common prudence would not use them. Knowledge of a defect, imperfection or an unfitness will not defeat the employee, but it must be knowledge of the risk or danger. Mere knowledge that there is danger in working in and with

the place, buildings, premises, machinery or appliances furnished by the employer will not defeat the action of the employee unless the danger be so glaring and patent as to threaten immediate injury or unless it be not reasonable to suppose that he could use the same safely by the exercise of ordinary care. Stoddard v. Railway, 65 Mo. 519; Devlin v. Railway, 87 Mo. 545; Huhn v. Railway, 92 Mo. 440; Soeder v. Railway, 100 Mo. 673; Hamilton v. Mining Co., 108 Mo. 364; Mahaney v. Railway, 108 Mo. 201; O'Mellia v. Railway, 115 Mo. 221; Francis v. Railway, 127 Mo. 669; Donahoe v. Kansas City, 136 Mo. 670; Doyle v. Trust Co., 140 Mo. 1; Hamman v. Coke Co., 156 Mo. 232; Smith v. Coal Co., 75 Mo. App. 177; Scott v. Springfield, 81 Mo. App. 312; Compton v. Railway, 82 Mo. App. 175; Stalzer v. Packing Co., 84 Mo. App. 565.

The testimony of the plaintiff was that he did not know that the two tenders, when coupled in the manner shown by the evidence, would approach so near to each other as to render it unsafe for him to go between them to make a coupling. The evidence may be said to be such as to justify reasonable minds in drawing different inferences therefrom as to whether he did not know the danger of attempting to make the coupling, but even if his knowledge in that respect was equal to that of the defendant, which we do not think the evidence shows to be the fact, this would not of itself be sufficient to defeat his right of recovery. Smith v. Coal Co., *supra*. Whether or not the danger of executing the order of the hostler to make the coupling was so glaring as to threaten immediate injury to plaintiff or whether it was not reasonable to suppose that he could make the coupling safely by the exercise of ordinary care was for the jury to determine under proper instructions. Where the facts with respect to the negligence are such that reasonable minds might differ as to the importance thereof, the

case should go to the jury. If the evidence is all one way, as is not the case here, the question becomes one of law for the court. Compton v. Railway, *ubi supra;* Stevens v. Walpole, 76 Mo. App. 213; Smith v. Coal Co., 75 Mo. App. 177; Higgins v. Railway, 43 Mo. App. 547; Muirhead v. Railway, 19 Mo. App. 634; Doyle v. Railway, 140 Mo. *ante;* Bradley v. Railway, 138 Mo. 293; Halloran v. Foundry Co., 133 Mo. 470; Flynn v. Railway, 78 Mo. 196.

Whether the plaintiff in making the coupling assumed the risk of the danger incident thereto or was guilty of contributory negligence were, under the evidence, questions to be appropriately left to the jury under the instructions. The court very properly overruled the defendant's demurrer to the evidence.

Turning to the instructions and we find they very fully submit every issue in the case. The defendant complains, however, of the plaintiff's second instruction, but it may be seen by reference to its fifth that it is but the converse in expression of that of the plaintiff and therefore the principle asserted by each is the same and if it be erroneous it is common error. The defendant's converse instruction told the jury that if the plaintiff was familiar with the coupling apparatus of the class of tenders he coupled at the time of his injury and so being when he stepped between the tenders to make the coupling, then he assumed the risk of his position and was not entitled to recover. As has been abundantly shown by the numerous cases which we have already cited from our own reports, mere knowledge that a machine or an appliance is defective and that risk is incurred in its use will not, as a matter of law, defeat the employee's action where the danger is not such as to threaten immediate injury, or where it is reasonable to suppose the appliance may be safely used by the exercise of care, so that these instructions were really more favorable to defendant than

he was entitled to. . The first instruction given for the plaintiff covered substantially every issue in the case and was, as we think, entirely faultless in expression.

The judgment of the circuit court must be affirmed. All concur.