## J. VAN EDWARDS, Respondent, v. BARBER ASPHALT PAVING COMPANY, Appellant.

### Kansas City Court of Appeals, February 10, 1902.

1. **Negligence: EVIDENCE: PERSONAL INJURY: FORMER AC-CIDENTS.** In an action to recover damages for personal injury caused by the use of a defective wagonbed, evidence of other accidents of a similar nature with other employees using the same bed, is incompetent.

2. ———: ———: **EXPERT TESTIMONY: WANT OF COMPLICA-TION.** In an action to recover damages resulting from the use of an appliance that is free of any complication, expert evidence of its dangerous character is incompetent.

3. **Master and Servant: INDEPENDENT CONTRACTOR: SUPER-INTENDENCE: APPELLATE PRACTICE.** Whether the plaintiff was a servant or an independent contractor may not be raised on appeal where at the trial the defendant's instruction presented

no such theory; but since on the evidence it is probable that plaintiff was not free from defendant's superintendence, it is suggested these matters should be made clear on a second trial.

4. ———: NEGLIGENCE: DEMURRER TO THE EVIDENCE: RISK. The servant's mere knowledge of danger in working with an appliance ·will not defeat his action unless the danger be so glaring as to threaten immediate injury, and this is a question for the jury as are also the questions of reasonable safety of the appliance and the risk assumed by the servant.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover,* Judge.

REVERSED AND REMANDED.

*Lathrop, Morrow, Fox & Moore* for appellant.

(1) The court erred in permitting the so-called experts to testify as to whether the appliance in controversy was reasonably safe, and as to what, in their judgment, would be a safe way to construct the apparatus for attaching the bed to the wagon.    Benjamin v. Railway, 133 Mo. 288; Lee v. Knapp, 155 Mo. 610; Goble v. Kansas City, 148 Mo. 477; Dammann v. St. Louis, 152 Mo. 200; Gutridge v. Railroad, 94 Mo. 468; Brown v. Plank Road Co., 89 Mo. 155; Eubank v. City of Edina, 88 Mo. 655; Koons v. Railroad, 65 Mo. 592; King v. Railroad, 98 Mo. 240; Hurst v. Railroad, 63 S. W. 697; Gavisk v. Railroad, 49 Mo. 276; Madden v. Railroad, 50 Mo. App. 666; Hoffman v. Railroad, 51 Mo. App. 273; Railway v. Clouch, 2 Kan. App. 728; Graham v. Penna. Co., 139 Pa. St. 161; Bergen v. County Traction Co., 41 Atl. 837; Atchison v. Henry, 57 Kan. 154; Railway v. Modesitt, 124 Ind. 212; Pennsylvania Co. v. Mitchell, 124 Ind. 473. (2) The court erred in permitting witness Brown to testify that upon another occasion, after the accident to plaintiff, he had driven the same wagon at a different place and that the hook had come out.    Goble v. Kansas City, 148 Mo. 475;

Edwards v. Barber Asphalt Paving Co.

Dean v. Murphy, 48 N. E. 283; Kolb v. Chicago Stamping Co., 33 Ill. App. 488; Hudson v. Railroad, 59 Iowa 581; Branch v. Libbey, 78 Maine 321; Parker v. Portland Publishing Co., 69 Maine 173; Hubbard v. City of Concord, 35 N. H. 52; Railroad v. Wynant, 114 Ind. 525; Alcorn v. Railroad, 108 Mo. 81. (3) Plaintiff was an independent contractor and the court erred in applying to the case the rules of law applicable only to the relation of master and servant. Fink v. Furnace Co., 82 Mo. 276; DeForest v. Wright, 2 Mich. 368; Murray v. Dwight, 55 N. E. 901; Harris v. McNamara, 12 So. Rep. 103; Wood v. Cobb, 13 Allen 58; Wadsworth Howland Co. v. Foster, 50 Ill. App. 513; Roddy v. Railroad, 104 Mo. 250; Heizer v. Manufacturing Co., 110 Mo. 605; Sherman & Redfield on Negligence (4 Ed.), 117; Fisher v. Golladay, 38 Mo. App. 539; Wohlfahrt v. Beckert, 92 N. Y. 490. (4) Upon the conceded facts in the case, the defendant was not negligent in the use of the hook complained of in plaintiff's petition, and the court erred in submitting that question to the jury. Holloran v. Foundry Co., 133 Mo. 470; Jackson v. Railroad, 104 Mo. 448; Thomas v. Railroad, 109 Mo. 187; Fugler v. Bothe, 117 Mo. 475; McCarty v. Rood Hotel Co., 144 Mo. 397; Hulett v. Railroad, 67 Mo. 241; Friel v. Railroad, 115 Mo. 503; Thompson v. Railway, 140 Mo. 125; Bohn v. Railroad, 106 Mo. 429; Shea v. Railroad, 76 Mo. App. 29; Berning v. Mexdart, 56 Mo. App. 448; Aldridge v. Furnace Co., 78 Mo. 559; Watson v. Coal Co., 52 Mo. App. 367; Junior v. Power Co., 127 Mo. 82; Steinhauser v. Spraul, 127 Mo. 562; Marshall v. Press Co., 69 Mo. App. 260; Mattson v. Qualey Construction Co., 90 Ill. App. 260; Hogan v. Railway, 150 Mo. 48.

*Rozzelle & Walsh, Wm. C. Hock* and *John G. Park* for respondent.

(1) The court did not err in receiving the opinions of

witnesses, Lodge and Anderson, upon the propriety or impropriety in the use of the hook mentioned in the evidence. Goins v. Railway, 47 Mo. App. 181; Fischer v. Packing Co., 77 Mo. App. 113; Benjamin v. Railway, 50 Mo. App. 609; Neubauer v. Railroad, 60 Minn. 130; Evarts v. Middlebury, 53 Vt. 626. Counsel for appellant began the inquiry by asking for opinions on cross-examination of plaintiff's witnesses, and having opened the door can not complain that the court below let it stay open. Savings Bank v. Cushman, 66 Mo. App. 105; Wilson v. Gibson, 63 Mo. App. 661; Lohman v. Stocke, 94 Mo. 677; Zeliff v. Schuster, 31 Mo. App. 500; Stalzer v. Packing Co., 84 Mo. App. 574; State v. Palmer, 161 Mo. 175; 61 S. W. 658; State v. Dettmer, 124 Mo. 433; Goss v. Railway, 50 Mo. App. 623; Taylor v Penquite, 35 Mo. App. 402; Distilling Co. v. Hubbard, 53 Mo. App. 27; State v. Mounce, 106 Mo. 229. (2) The testimony of witness Brown, that he had used the wagonbed which caused plaintiff's injury and that the hook came out twice with him, was admissible. Golden v. Railway, 84 Mo. App. 65; Golden v. Clinton, 54 Mo. App. 114; 11 Am. and Eng. Ency. Law (2 Ed.), 510; Dist. Col. v. Armes, 107 U. S. 519; Oil Co. v. Jackson, 112 Ga. 620; Richardson v. Marceline, 73 Mo. App. 364; Plummer v. Milan, 79 Mo. App. 442; Stoker v. Railway, 91 Mo. 517; Swadley v. Railway, 118 Mo. 279; R. S. 1899, sec. 864; Walser v. Wear, 141 Mo. 463. (3) Plaintiff was defendant's servant, not an independent contractor. Defendant can not, by any shift or device, avoid its true liability to plaintiff as his master, nor shirk the duty to exercise ordinary care to provide him reasonably safe appliances. Sackewitz v. Biscuit Co., 78 Mo. App. 154. (4) The questions, whether or not defendant was negligent in furnishing the hook mentioned in the evidence, whether or not plaintiff was guilty of contributory negligence, and whether or not plaintiff assumed the risk of injury arising from the use of said hook, were all for the jury, and the jury having resolved those questions in plaintiff's

favor, defendant is concluded thereby. Devore v. Railway, 86 Mo. App. 436; Thompson v. Railroad, 86 Mo. App. 141; Pauck v. Beef Co., 159 Mo. 467; McMullen v. Railway, 60 Mo. App. 231; Benham v. Taylor, 66 Mo. App. 309; Hurst v. Railway, 63 S. W. 697; Hammon v. Coal Co., 156 Mo. 232.

ELLISON, J.—This action is for personal injuries received by plaintiff. He recovered judgment in the trial court.

Plaintiff was a teamster, owning his own team and wagon. He was engaged by defendant to haul asphalt in Kansas City to a point where defendant was paving a street in that city. The wagonbed and a frame upon which it rested and its fastening to the wagon proper was furnished by defendant. The bed was on rollers and was so contrived that when unfastened in front from the frame on the wagon it would roll backward, the rear end tipping to the ground and thus discharging the load. The fastening in front held the bed in place at all times except when loosened for the purpose of unloading.

This fastening is charged to have been defective. It consisted of a staple driven into a cross-piece on the frame and just under the front end of the bed and an iron hasp attached to the bed, together with a hook. The hasp would be placed over the staple and the hook then run through the staple over the hasp, holding it in place and thus securing the position of the wagonbed on the wagon frame. The defect in this contrivance, as charged by plaintiff, was that the hook was too light and that the cross-piece in which the staple was driven had become loose so that in traveling over the street "the hook was more likely to jostle out." Plaintiff had unloaded a load of asphalt in the usual way and was returning for another load, when the hook aforesaid, lost its place, the bed rolled back, the rear end dropped to the street, throwing plaintiff onto the ground and doing him serious injury.

The trial court permitted plaintiff to show that other ac-

cidents of similar nature had happened with this wagonbed when in the use of other employees. This was contrary to the rule adopted in this State and was therefore error. Goble v. Kansas City, 148 Mo. 475. The evidence was probably admitted by the trial court under the authority of Golden v. Railway, 84 Mo. App. 59. That case was where horses had become frightened at a pile of lumber beside the traveled track in a highway and, in order to show that such object would likely frighten horses, it was held proper to show that other horses, of like kind, had taken fright at the same object. We have already pointed out, at this term, the distinction between that case and one of the character of this case. Smart v. Kansas City, 91 Mo. App. 587.

Expert testimony was admitted for the purpose of proving that the fastening aforesaid was unsafe and the witnesses were permitted to express their opinion to that effect. It was not a case for expert evidence. The contrivance complained of which held the bed down, was as simple as can well be imagined. It was without a single complication. Its construction, whether safe or unsafe, was open to the observation and understanding of any man of ordinary sense. It was no more the subject for opinion of experts than a simple gate latch, or that of a barn door. There was no foundation for the claim that an "expert" knew more about it than a juryman. Admitting the evidence was error. Benjamin v. Railway, 133 Mo. 288; Lee v. Knapp, 155 Mo. 610; Brown v. Plank Road, 89 Mo. 152; Eubank v. City of Edina, 88 Mo. 650; Hurst v. Railway, 163 Mo. 309.

The defendant now contends that plaintiff was not "its servant, but an independent contractor" and likens him to a truckman. In view of the concession made by defendant at the trial and some of its instructions, we should say that that theory was not advanced at the trial. If it had been the plaintiff might then have gone into that question more fully and satisfactorily. We will add that even on the evidence

Edwards v. Barber Asphalt Paving Co.

given, the plaintiff's position and relation to defendant was not like that of a truckman to his various patrons. Here the manner of loading was prescribed by defendant and the means of loading furnished. It is probable that the plaintiff was not free of the direction, superintendence and control of defendant. It is a question that ought to be, and undoubtedly can be made to appear clearly one way or the other, at another trial. So also can the technical objection to instruction No. 1 for plaintiff, be removed.

In our opinion the trial court could not properly have declared as a matter of law, that plaintiff was guilty of contributory negligence. The evidence made that a question for the jury and it was rightly left to them. It was held in Devore v. Railway, 86 Mo. App. l. c. 435, by SMITH, P. J.: "Mere knowledge that there is danger in working with appliances or instrumentalities, furnished by the employer, will not defeat the action of the employee, unless the danger be so glaring as to threaten immediate injury, or unless it be unreasonable to suppose he could safely use them in the performance of the work required, by the exercise of ordinary care." This is the ruling of the Supreme Court. Hurst v. Railroad, 163 Mo. 309; Hamman v. Coal Co., 156 Mo. 232.

The questions, of whether the defendant exercised ordinary care to furnish a reasonably safe wagonbed, whether plaintiff assumed the risk arising from the use of such bed, and whether plaintiff was guilty of contributory negligence, were questions for the jury. Thompson v. Railway, 86 Mo. App. 141; Fisher v. Lead Co., 156 Mo. 479, 492.

The judgment is reversed and the cause remanded. All concur.