RALPH  REICKERT,  Respondent,  v.  HAMMOND
PACKING  COMPANY,  Appellant.

Kansas City Court of Appeals, April 19, 1909.

1. MASTER AND SERVANT: Trial and Appellate Practice: Evi-
dence: Weight and Credibility: Jury.  Where there is sub-
stantial evidence supporting plaintiff's contention the credi-
bility of witnesses and the weight to be given to their testi-
mony are issues for the jury.

2. ———: Negligence: Working Place: Informing Servant.  On
·the evidence a packing company is held guilty of negligence
in failing to keep the room and ways leading thereto in which
it bathed its iron trees in steam-caustic solution in repair and
in not informing a servant of the dangerous nature of the so-
lution.

3. ———: Assumption of Risk: Insurer.  The master is not an in-
surer of his servant's safety nor is he required to exercise ex-
traordinary care to guard the servant against the risks of in-
jury but ordinary care fulfills his obligation and he is not
liable for the ordinary and natural risks belonging to the
service but cannot increase such risk by carelessness.

4. ———: ———: ———: Instructions.  An instruction to the
effect that the servant assumed only those dangers that were
necessarily incident to the employment and did not assume
those caused by the defendant's negligence is held equivalent
to the assertion that dangers which might ordinarily and nat-
urally, but not necessarily belong to the service, were dangers
not assumed by the servant and consequently the master is
liable therefor.

Appeal from Buchanan Circuit Court.—*Hon. Henry M.
Ramey,* Judge.

REVERSED AND REMANDED.

*Vinton Pike* for plaintiff in error.

(1)  The plaintiff should have been nonsuited.  His
case is utterly without merit, and it is so apparently a
manufactured case that it cannot excite favorable con-
sideration.  Plaintiff committed perjury upon the first

and second trial. Plaintiff's perjury forfeits his verdict. R. S. 1899, sec. 800. (2) The damages assessed were so excessive as to show the jury were actuated by bias and prejudice and disregarded the instructions of the court, because the plaintiff admits his foot was not so severely injured as to attract attention, or to prevent his wearing after the alleged injury, the same shoe he wore before, and to work for a month in the same department. This is emphasized by the fact that his verdict for $300 on the former trial was admitted to be excessive. Nothing has occurred since the former trial to enhance the damages. There is no pretense of permanent injury. The jury evidently forgot their duty to themselves, to the public, and to the plaintiff in their uncontrollable disposition to "go for" a beef packer. Stoetzele v. Swearingen, 90 Mo. App. 588; Haynes v. Town of Trenton, 108 Mo. 134; Logan v. Small, 43 Mo. 254; Empey v. Cable Co., 45 Mo. App. 422; Zurfluh v. Railroad, 46 Mo. App. 636. (3) Plaintiff's second instruction is erroneous, limiting plaintiff's assumption to "necessary risks." If the court should hold a risk to be necessarily incident to the service, there must be a nonsuit. But the jury may defeat the servant, if they believe the risk was ordinarily incident. The jury may have said this risk was ordinary, common, customary, usual; but it was not necessary, unavoidable, inevitable, impossible to be otherwise. It was not necessary that he should scald his foot; but ordinarily he would, if he stepped in the solution barefooted, or with leaky shoes. Henry v. Railway, 109 Mo. 493; Musick v. Dold, 58 Mo. App. 322; Lucey v. Oil Co., 129 Mo. 32; Thompson v. Railway, 86 Mo. App. 141; Adam v. McCormick, 95 Mo. App. 111; Minnier v. Railway, 167 Mo. 113.

*Neville & Grier* and *Ell Holland* for defendant in error.

(1) Respondent should not have been nonsuited. This court cannot find that respondent committed per-

jury when it has not all the evidence in the case before it. Meriwether v. Howe, 48 Mo. App. 148; Colburn v. Brunswick Flour Co., 49 Mo. App. 415; Storey v. Patton, 61 Mo. 12; Wm. Deering & Co. v. Hanna, 93 Mo. 618; Reed v. Peck, 163 Mo. 12. (2) The giving of plaintiff's instruction number 2 was not error, as it has been held by this court in numerous decisions that the servant assumes all necessary risks incident to his employment, as well as ordinary risks. Thompson v. Railway, 86 Mo. App. 141.

JOHNSON, J.—Plaintiff sued to recover damages for personal injuries alleged to have been caused by the negligence of defendant, his employer. The answer is a general denial. The cause was tried to a jury and is here on writ of error from judgment in favor of plaintiff.

Defendant is extensively engaged in the business of meat packing at St. Joseph. For two months or more prior to his injury plaintiff had been employed in the washroom of the oleomargarine department of defendant's packing establishment. Within this room was a smaller box-like room called the steam room in which the iron trees used in hanging meat were cleaned. The trees were run into the steam room from the washroom on a track. The door of the steam room then was closed and steam was turned into the room and on to the trees through perforated pipes. Caustic soda was mixed with the steam in a way to subject the trees to a bath of hot water strongly impregnated with caustic. The floor of the room was slightly concave to permit the drainage of the solution into a sewer inlet in the center of the floor. After the trees were treated to the bath fifteen or twenty minutes the workman in charge opened the door and by means of a hook, pulled them out into the washroom. Sponges were used to dry the floor. Plaintiff had been in charge of the steam room for two days before his injury. He did not know that caustic

was used in cleaning the trees, but supposed that the bath consisted only of steam and water. He wore no stockings and his shoes were old and had holes in their soles. From the evidence introduced by plaintiff, it appears that the floor of the washroom at the entrance to the steam room had become worn and eaten by the solution which escaped from the steam room to an extent to form depressions which became filled with the solution during the cleaning process. The sill and bottom of the door likewise had become worn and eaten away, forming apertures through which the solution escaped to the floor of the washroom. Plaintiff had just opened the door for the purpose of removing the trees he had cleaned when he accidentally stepped into one of the pools described. His foot was partly immersed in the solution and was severely burned by the caustic. A chronic sore resulted. The physician who began to treat plaintiff some four months after the injury testified that he found on the foot "an ancient ulcer caused by a caustic burn." He stated that a burn of this character produces "inflammation, low grade of inflammation, heals badly and slowly, sometimes don't heal at all."

Plaintiff expended $75 for medical treatment and at the time of the trial, which was more than a year after the injury, had not recovered. There is evidence that defendant did not inform plaintiff that caustic soda was being used in the steam room nor advise him of its dangerous properties. Defendant had actual knowledge of the defective condition of the place a long time before the injury.

We have stated the case in its aspect most favorable to the cause of action asserted. There is much evidence in the record to impugn the credibility of plaintiff and his witnesses, but we find ourselves compelled to hold that the evidence adduced by him was substantial. This being the case, the credibility of the witnesses and the weight to be given their testimony were issues for the jury to solve. That the evidence of plaintiff tends to

accuse defendant of negligence is indisputable.   Considering the highly dangerous nature of the caustic used so lavishly, the dictates of care and humanity would impel an ordinarily careful and prudent master in the position of defendant to exercise reasonable care to maintain the door of the steam room and the adjacent flooring of the washroom in a state of repair that would prevent the escape of the solution to places where it likely would come into contact with the bare skin of the operator.   We are dealing here with a concealed, not a patent danger.   Plaintiff did not know the hidden risk he was required to encounter, and we think the evidence supports the inference that defendant was negligent in two respects:   First, in allowing the place to fall into such ill repair that it became nothing short of a man-trap, and, second, in not informing plaintiff of the lurking danger.   The demurrer to the evidence which defendant argues should have been given was properly overruled.

With one exception, all the assignments of error are found to be without merit.   The exception relates to the second   instruction   given   at the request of plaintiff, which is as follows:

"The court instructs the jury that if plaintiff was employed by defendant, plaintiff assumed as a part of his employment all the dangers *necessarily* incident to such employment, but that plaintiff did not assume any dangers arising from or caused by the carelessness and negligence of defendant."

The version of the injury given in the evidence of plaintiff is contradicted in all essential particulars by the evidence of defendant which tends strongly to show that if plaintiff were injured by coming into contact with the caustic, it was in a way to bespeak either his own negligence or one of the natural risks of the employment as the proximate cause.   If the definition in the instruction of the risks assumed by plaintiff enlarged the scope of defendant's duty to plaintiff, its

servant, the error must be deemed prejudicial, in view of the fact that the solution of the question of whether the injury was caused by defendant's negligence or by one of the risks incidental to the employment, depended on the solution of sharply contested issues of fact. The master is not the insurer of the servant, nor is he required to exercise extraordinary care to guard his servant against risk of injury. His duty is to exercise reasonable or ordinary care. For risks that ordinarily and naturally belong to the service, the master is not liable. He must not increase those risks by his failure to observe the degree of care and solicitude for the protection of his servant that would characterize the conduct of an ordinarily prudent person in his situation and should his failure to perform this duty result in injury to his servant, the latter may recover the damages sustained, provided the servant himself be free from negligence contributing to the injury. But if the injury to the servant result from one of the natural and ordinary hazards of the business, he has no cause of action against his master. Such hazards the servant assumes as incidents of his employment. [Henry v. Railway, 109 Mo. 488; Musick v. Dold, 58 Mo. App. 322; Lucey v. Oil Co., 129 Mo. 32; Thompson v. Railway, 86 Mo. App. 141; Minnier v. Railway, 167 Mo. 99.]

The declaration in the instruction to the effect that plaintiff assumed only those dangers that were *necessarily* incident to the employment and did not assume those caused by defendant's negligence was equivalent to the assertion that dangers which might ordinarily and naturally but not necessarily belong to the service were dangers not assumed by the servant and, consequently, were among those which the care of the master should take into account and obviate. *Necessary* means inevitable—not to be avoided even by the exercise of the highest degree of care, and the corollary of the proposition of the instruction that only unavoidable risks are assumed by the servant, is that the master must exercise the

highest degree of care to furnish his servant a safe place in which to work. This is opposed to the well-settled rule of the substantive law.

For the error in giving this instruction, the judgment is reversed and the cause remanded. All concur.