### NANCY MORGAN, Appellant, v. The City of KIRKSVILLE, Respondent.

**Kansas City Court of Appeals, June 1, 1914.**

1. **NEGLIGENCE: Municipal Corporations: Reasonably Safe Streets: Instructions.** It is error to tell the jury that, as a matter of law, a sidewalk is reasonably safe whenever it can be safely passed over by a person who is in the exercise of reasonable and ordinary care. The mere fact that another person, in the exercise of ordinary care, passed over it and escaped injury is no test of whether the sidewalk is reasonably safe. Whether a given street is safe is a practical question to be determined by the jury in each case from all the particular circumstances.

2. **———: Instructions: Contributory Negligence.** An instruction should not submit the question whether plaintiff could have stepped over an obstruction complained of as the test of whether she was exercising ordinary care. The ability to step over is only a circumstance to be considered by the jury in determining whether plaintiff was negligent or not.

3. **PRACTICE: Appellate: Petition Stated but not Set out in Abstract of Record Proper.** Where the fact that the petition was filed is stated in the record proper but the contents thereof are not set forth therein but reference is made to the contents as preserved on a certain page in the bill of exceptions, such failure to set out the contents in the record proper is not fatal where no matters preservable only in the record proper are complained of by appellant and the allegations of the petition are not necessary to be known in order to pass upon the questions involved. As the errors complained of consist wholly of matters of exception which can be determined without regard to the contents of the petition, a failure to set out the petition in full in the abstract of the record proper will not work a dismissal of the appeal.

Morgan v. Kirksville.

4. ————: **Abstracts of Record: Experiments.** The proper method for preparing a record for the appellate court has been plainly marked out and should be followed for the sake of a feeling of security if for no other reason. The rules governing the presentation of a case in the appellate court are not the result of senseless arbitrary caprice but were established to facilitate the dispatch of business, and they accomplish that purpose when obeyed. When the beaten path is departed from not only is the client's cause endangered but the work of the court is greatly increased

Appeal from Adair Circuit Court.—*Hon. C. D. Stewart,* Judge.

REVERSED AND REMANDED.

*A. Doneghy* for appellant.

*Weatherby & Frank* for respondent.

TRIMBLE, J.—The suit herein is an action for personal injuries received from a fall alleged to have been caused by the negligence of the city in maintaining a sidewalk that was defective and not reasonably safe. A trial was had and the jury returned a verdict for defendant. Thereupon plaintiff appealed complaining of error in the giving of instructions for defendant and in overruling plaintiff's motion for new trial asked on account of the alleged erroneous instructions.

Defendant incorporates in its brief a motion to dismiss upon the ground that, as the petition and answer are not set forth in full in the abstract of the record proper, but appear in that form only in the bill of exceptions, there is nothing before the court for decision.

We are unable to concur in this view. The only complaint made by appellant is over the giving of instructions for defendant, which is matter properly appearing and preserved in the bill of exceptions.

There is no controversy over the contents of the petition. Hence, if the record proper shows that a petition against the city was filed; that an answer thereto was made, a trial had, a judgment entered for the city, the filing of a motion for new trial, the court's action thereon, the filing of a bill of exceptions within the proper time and an appeal duly taken, this is sufficient where the complaints of appellant, and the defense thereto of respondent, do not involve the validity of the trial court's action on any matters preservable only in the record proper. The record proper states the above facts, and in addition thereto, says the petition is set out in full in the bill of exceptions on a certain page of the abstract. In the case of Booth v. St. Louis, Iron Mountain and Southern Railway Co., 217 Mo. 710, l. c. 715, the Supreme Court held that an abstract, which alleged in the bill of exceptions that a motion for new trial was filed but referred to the record proper for its contents where it was set out in full, was sufficient although the record proper is not the place to preserve a motion for new trial.

The case at bar is not like the case of Diener v. Star-Chronicle Publishing Co., 230 Mo. 613, l. c. 619, cited by defendant in support of its motion. In that case the complaint of appellant was on a demurrer to the petition. Both the petition and demurrer are parts of the record proper and should be preserved therein and the contents of the petition should fully appear else no intelligent ruling could be made on the trial court's action on the demurrer. Consequently, Judge Lamm very properly remarked in that case that "if the ruling on the demurrer, the demurrer itself and the petition had been preserved nowhere else than in a bill of exceptions this appellant would have nothing here to review." That case does not apply to the facts in this case. The motion to dismiss is, therefore, overruled.

We take occasion to say, however, that it is inconceivable why attorneys will make experiments in preparing a record for the appellate court. The proper method has been plainly marked out over and over again. It would seem that, merely for peace of mind and a feeling of security, an appellant would conform strictly to the beaten path instead of seeing how near the precipice of danger can be approached without getting over it. The rules governing the presentation of a case in the appellate court are not the result of senseless, arbitrary caprice, but were established to facilitate the dispatch of business; and they accomplish that purpose when lived up to and obeyed. But when the beaten path is departed from and experiments are made, not only are the client's rights endangered, but the work of the court in considering the merits of the case impeded and delayed, and the court is compelled to expend much time and labor in deciding points created solely by such experiments and which have nothing to do with the merits of the case. If such experiments could result in a more simplified system of appellate procedure, there might be some excuse for them, but judges cannot change a system prescribed by statute. The legislature only can do that. The method now on the statute book is not complex, but if it is desirable to make it so simple that all one will have to do will be to say "I want to take an appeal" by all means let the legislature provide it. Even then, it is thought, there would be appeals attempted to be taken in which this simple formality would be omitted and not complied with.

Instruction No. 1 given in behalf of defendant is complained of. In this instruction, the court, after telling the jury that the city is required to keep its sidewalks in a reasonably safe condition for travel but is not an insurer against accidents, nor required to maintain the surface of its sidewalks free from all irregularities, and from any possible obstruction to

mere convenient travel, added this: "I charge you, as a matter of law, that defendant, city, is not insurer against accidents to pedestrians passing along and over its sidewalks, and that all that is required of defendant, city, is to have its sidewalks in a reasonably safe condition for public travel; *and such reasonably safe condition exists whenever such sidewalk can be safely passed over by a person who is in the exercise of reasonable and ordinary care.*"

The above quoted portion of the instruction not in italics is but a solemn repetition of what had just been stated in the preceding part of the instruction and, although correctly stating an abstract proposition of law, was unnecessary, since the part preceding it fully covered the point. As to the part in italics, we think it was error because it told the jury that the question of whether a sidewalk was reasonably safe was settled, as a matter of law, whenever it was possible for a person in the exercise of ordinary care to pass safely over it. Such is not the case. A sidewalk may be dangerous and not reasonably safe and yet various persons might pass over it, exercising no care or only ordinary care, without receiving an injury. The mere fact that another person, in the exercise of ordinary care, could and did pass over and escaped injury would be no test of whether the walk was reasonably safe. While evidence that for a long time many people had constantly used and passed over a walk without injury might tend to show that it was reasonably safe, yet the jury must find and determine that question upon all the facts and circumstances, and cannot be conclusively bound by the experiments or experience of others. [Goble v. Kansas City, 148 Mo. 470, l. c. 475.] Indeed, evidence that another passed over the walk and was injured is not admissible to show that it was not reasonably safe. [Goble v. Kansas City, supra.] How then could the fact that another passed over and was not injured be admitted to show

that it was reasonably safe? And if this be true, the jury should not be told that, whenever it is shown that a person exercising ordinary care can pass safely over, then the law requires the jury to say the walk is reasonably safe. Whether a given street is in a reasonably safe condition for travel is a practical question to be determined by the jury in each case by the particular circumstances. [Brennan v. City of St. Louis, 92 Mo. 482, l. c. 487; Taubman v. City of Lexington, 25 Mo. App. 218; Williams on Municipal Liability for Tort, p. 139.]

Instruction No. 2 for defendant is somewhat ambiguous. It is also erroneous in that it submits the question whether plaintiff could have stepped over the obstruction as the test of whether she was exercising ordinary care, whereas, the ability to step over was only a circumstance to be considered by the jury in determining whether plaintiff was negligent or not.

Other instructions are complained of, but as the evidence was not preserved in the record and as the question of their correctness depends somewhat upon the state of the evidence, they need not be noticed now. If there are any errors in them they can be avoided upon another trial.

For the errors noted the judgment is reversed and the cause remanded. The other judges concur.